Matthew S. Hale, Esq.
HALE & ASSOCIATES
Calif. State Bar No. 136690
45 Rivermont Drive
Newport News, VA 23601

Mailing Address:
P.O. Box 1951
Newport News, VA 23601

Telephone No. (757) 596-1143
E-Mail: matthale@verizon.net

Attorney for Plaintiffs, DAVID J. LEE and
DANIEL R. LLOYD

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID J. LEE and DANIEL R. LLOYD, as individuals and, on behalf of others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>CHASE MANHATTAN BANK U.S.A., N.A., a Delaware corporation, CHASE MANHATTAN BANK U.S.A., N.A. d.b.a. CHASE BANK U.S.A., N.A., JPMORGAN CHASE & CO., a Delaware corporation; and DOES 1, through 100, inclusive,<br><br>　　　　　　Defendants. | Case No.: C 07-4732 MJJ<br><br>**PRACECIPE**<br><br>**ERRATA OF PAGES 2 AND 6 TO PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES FILED IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

**David J. Lee, et al. v. Chase Manhattan Bank U.S.A., N.A., et al.,**
**Pracecipe**

Plaintiffs hereby submits an Errata to their Memorandum of Points and Authorities Filed in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss, filed on November 13, 2007.

Delete pages 2 and 6 of Plaintiffs' Memorandum of Points and Authorities Filed in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss, and substitute pages 2 and 6 appended hereto.

Dated: November 14, 2007                                    Respectfully submitted,


/s/
_____
Matthew S. Hale
Attorney for Plaintiff

1

**David J. Lee, et al. v. Capital One Bank, Inc. et al.,**
**Pracecipe**

139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).[3]

### B. Plaintiffs Have Standing To Maintain The Action And Its Various Causes Of Action

The "injury in fact" that underlies Plaintiffs' causes of action and animates their Complaint is simply stated:

1. In paying their annual (or other) fee for their Chase cards, Plaintiffs purchased or acquired the contractual right to mandatory arbitration of all claims they had against Defendants and the merchants from whom they purchased goods or services with their Chase cards, [Complaint, ¶¶ 1, 2, 25, 26, 31-38] ;

2. the arbitration provision in the agreement which they had imposed upon them by Defendants on a "take it or leave it" basis is, as a matter of law, unconscionable, illegal, and unenforceable, [Complaint, ¶¶ 55, 77];

3. Plaintiffs have a claim of fraud against Defendants arising from Defendants' inclusion of unconscionable, illegal, and unenforceable terms in the

---

28)], would actually state that Plaintiffs claim "will nonetheless fail on the merits." Of course, Defendants' statement was no doubt based on the untoward and completely meritless belief that California law will not control the decision on Plaintiffs' claims. Defendants' argument concerning the applicability of Delaware law is of no moment since, as the Ninth Circuit recently held in Douglas v. United States District Court, 495 F.3d 1062 (9th Cir. 2007), and Shroyer, California law is controlling when it comes to the matters raised in the Complaint concerning the unconscionability of Defendant's cardmember agreements, including notably its arbitration provision. In any event, Defendants are bound by the final order and unappealed order issued in Davis v. Chase Bank U.S.A., N.A., et al., Case No. CV 06-04804 DDP (PJWx) (C.D.Cal.) (in which all present defendants were defendants), that California law is controlling with regards to issues of unconscionability and that, indeed, the arbitration provision is unconscionable as a matter of law.

[3] Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

2

**David Lee, et al. vs. Chase Manhattan Bank, et al.**
Memo. Points & Authorities Filed in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss

claims, the Court of Appeal impliedly noted the requisites for standing (in the context of the class certification motion):

> "Any class certified under subsection (a)(19) necessitates a class definition that includes **individuals who sought to bring class actions in California, but were precluded from doing so because of the class action waiver in AWS's arbitration agreement, and suffered some resulting damage.** See Wilens v. TD Waterhouse Group, Inc., 120 Cal.App.4th 746, 15 Cal.Rptr.3d 271, 276-77 (Cal.Ct.App. 2003) (holding a court may not presume damages based on the mere insertion of an unconscionable clause in a contract)."

2007 U.S.App.LEXIS at *8 (emphasis supplied). The requisite damage is the "injury in fact" found to exist in Lozano.[5] That disposes of Defendants' CLRA standing argument. Just as the CLRA class members "who sought to bring class actions, but were precluded form doing so because of the class action waiver, and suffered some resulting damage" had standing so do Plaintiffs here. Plaintiffs here could not, as a matter of law, seek (and much less obtain) mandatory arbitration under the arbitration agreement even they wanted to do so.

### C. Plaintiffs' Claims Concerning Their Charge, Credit, Gift, And Dining Cards Fall Within The Coverage Of The CLRA

According to the explicit terms of the Defendants' cardmember agreement, Plaintiffs' Chase cards are "to be used to pay for goods and services." Complaint, Ex.14. As a matter of law and fact, when one pays the annual or purchase fee for these Chase cards one

---

[5] An alternative basis for Plaintiffs' standing to maintain their CLRA causes of action also exists: the "damage" suffered by them as a direct result of a violation of their statutory right under the CLRA to be free from the inclusion of unconscionable contract terms such as those that Defendants included in the card agreement and arbitration provision. This was established in the just-issued Freeman v. Mattress Gallery, 2007 Cal.App.Unpub.LEXIS 9102 at * 11-13 (Cal.App. November 8, 2007) (a copy of the decision is Addendum 3 hereto for the Court's convenience). If one is needed, a monetary value may be placed on the violation of the Plaintiffs' just noted statutory right by Defendants since California law recognizes that "nominal damages" are required when the value of the violation of a right cannot otherwise be determined.

**David Lee, et al. vs. Chase Manhattan Bank, et al.**
**Memo. Points & Authorities Filed in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss**