STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
STEPHEN J. NEWMAN (State Bar No. 181570)
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
*lacalendar@stroock.com*

Attorneys for Defendants
  CHASE BANK U.S.A., N.A., CHASE MANHATTAN BANK
  U.S.A., N.A. d.b.a. CHASE BANK U.S.A., N.A. and JPMORGAN
  CHASE & CO.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. LEE and DANIEL R. LLOYD, as individuals and, on behalf of others similarly situated,<br><br>         Plaintiffs,<br><br>    vs.<br><br>CHASE MANHATTAN BANK U.S.A., N.A., a Delaware corporation, CHASE MANHATTAN BANK U.S.A., N.A. d.b.a. CHASE BANK U.S.A., N.A., JPMORGAN CHASE & CO., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>         Defendants. | **Case No. CV-07-4732 MJJ**<br><br>THE HON. MARTIN J. JENKINS<br><br>**DEFENDANTS' STATEMENT OF RECENT DECISION IN SUPPORT OF MOTION TO DISMISS**<br><br>**DATE**:  January 8, 2008<br>**TIME**:    9:30 a.m.<br>**CTRM**: 11, 19th Floor<br>           450 Golden Gate Ave.<br>           San Francisco, CA 94102 |

Pursuant to Civil Local Rule 7-2(d), Defendants hereby advise the Court of recent authority bearing on the Motion to Dismiss scheduled for hearing on January 8, 2008. Defendants also respond herein to Plaintiffs' letter brief submitted on November 25, 2008.

**A.      Lee v. American Express**

A recent decision by Judge Charles Breyer, <u>David J. Lee et al. v. American Express Travel Related Services, Inc. et al.</u>, Case No. CV-07-4765 (CRB) (N.D. Cal. Dec. 6, 2007), bears directly on the issues before the Court here.

/ / /

---

**DEFENDANTS' STATEMENT OF RECENT DECISION IN SUPPORT OF
MOTION TO DISMISS – Case No. CV-07-4732 MJJ**

LA 51015758v1

In that case, plaintiffs, who are the same Plaintiffs here, challenged the legality of their cardmember agreements with American Express. The gravamen of the complaint against American Express was, just like here, that the agreements in question contained allegedly unconscionable arbitration provisions. Plaintiffs argued the <u>same</u> legal theory of liability asserted in this action, namely, that they did not get the full value of their credit agreements with American Express because the agreements contained the allegedly unconscionable arbitration provisions.

Judge Breyer, noting that the plaintiffs never invoked the arbitration provision in any actual dispute with American Express, granted American Express's Motion to Dismiss on the ground that plaintiffs lacked standing to assert their claims. Judge Breyer held:

> At bottom, plaintiffs' argument is that they were damaged by the mere existence of the allegedly unconscionable terms in their card agreements. But those terms have not been implicated in any actual dispute between the parties. The challenged terms have not, for instance, been invoked against plaintiffs and they have not prohibited plaintiffs from asserting their rights. No court, state or federal, has held that a plaintiff has standing in such circumstances and plaintiffs have not convinced this Court that it should be the first.

Opinion, at 8-9.

Judge Breyer's analysis is equally compelling here and, therefore, we respectfully urge the Court to reach the same outcome that Judge Breyer reached in the American Express case, and dismiss Plaintiffs' claims because they fail to demonstrate that the challenged arbitration provisions have been implicated in any actual dispute between the parties. For the Court's convenience, a copy of Judge Breyer's decision and a transcript of the hearing on American Express's Motion to Dismiss are attached as Exhibits A and B hereto.

**B.     Response to Plaintiffs' November 25 Letter Brief**

Defendants also respond to Plaintiffs' November 25, 2007 letter, which cited the unpublished decision <u>Hunter v. General Motors Corp.</u>, No. B190809, 2007 Cal. App. Unpub. LEXIS 9252 (Cal. Ct. App. Nov. 19, 2007), as supposedly new authority justifying denial of the Motion to Dismiss. Plaintiffs' citation to <u>Hunter</u> is wholly inappropriate, as the unpublished decision is, by California Rule of Court 8.1115, expressly noncitable and thus has zero persuasive or precedential value. <u>See</u> Cal. Rules of Court, Rule 8.1115 ("[A]n opinion of a California Court of

/ / /

1  Appeal or superior court appellate division that is not certified for publication or ordered published

2  must not be cited or relied on by a court or a party in any other action.").

3        Moreover, Hunter is irrelevant to the key issue presented here:  Whether, in the absence of a

4  particular substantive dispute to be arbitrated, a plaintiff has standing to assert a facial challenge to

5  a specific term in an arbitration agreement.  As set forth at length in the moving and reply papers

6  and in Judge Breyer's decision in Lee v. American Express, federal courts recognize that such a

7  plaintiff lacks standing.  See Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1019-20 (1984) (no

8  standing where plaintiff "did not allege or establish that it had been injured by actual arbitration

9  under the statute"); Bd. of Trade of the City of Chicago v. Commodity Futures Trading Cmm'n,

10 704 F.2d 929, 932-34 (7th Cir. 1983) (same); Tamplenizza v. Josephthal & Co., Inc., 32 F. Supp.

11 2d 702, 703, 704 (S.D.N.Y 1999) (refusing to invalidate arbitration provision where no pending or

12 imminent arbitral proceeding); Posern v. Prudential Secs., Inc., No. C-03-0507 SC, 2004 WL

13 771399, at *8 (N.D. Cal. Feb. 18, 2004) (same); Bowen v. First Family Fin. Servs., Inc., 233 F.3d

14 1331, 1341 (11th Cir. 2000) (same).  Plaintiffs also cited Hunter to Judge Breyer in the American

15 Express case, and Judge Breyer correctly disregarded it.

16       As Plaintiffs elected to sue in federal court, they are bound by federal standing

17 requirements.  Because they have failed to show the presence of an actual case or controversy, their

18 claims should be dismissed.  Defendants' Motion here should be granted.

20 Dated:  December 20, 2007                    Respectfully submitted,

21                                                    STROOCK & STROOCK & LAVAN LLP
22                                                    JULIA B. STRICKLAND
                                                   STEPHEN J. NEWMAN

24                                                    By:  /s/ Stephen J. Newman
                                                          Stephen J. Newman

25                                                    Attorneys for Defendants
26                                                  CHASE BANK U.S.A., N.A., CHASE
                                                 MANHATTAN BANK U.S.A., N.A. d.b.a. CHASE
27                                                  BANK U.S.A., N.A. and JPMORGAN CHASE &
                                                 CO.

28

- 3 -
**DEFENDANTS' STATEMENT OF RECENT DECISION IN SUPPORT OF**
LA 51015758v1        **MOTION TO DISMISS – Case No. CV-07-4732 MJJ**

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086