# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. LEE and DANIEL R. LLOYD, | No. C 07-04765 CRB |
| Plaintiffs, | **MEMORANDUM AND ORDER** |
| v. | |
| AMERICAN EXPRESS TRAVEL RELATED SERVICES, et al., | |
| Defendants. | |

This class action challenges the legality of American Express card-member agreements. Now pending before the Court is defendants' motion to dismiss for, among other reasons, lack of standing. The motion presents the issue of whether a plaintiff has standing to challenge an unconscionable term in a contract which has not, and may never, come into play. After carefully considering the parties' papers, including plaintiffs' letter brief filed in violation of the Local Rules, and having had the benefit of oral argument, the Court finds that in the circumstances of this case, plaintiffs do not have standing as a matter of law.

## BACKGROUND

Named plaintiffs Daniel R. Lloyd and David J. Lee obtained American Express credit cards for personal use in 2003 and 2006 respectively. Lee also obtained American Express "gift," "charge" and "dining" cards. Use of American Express cards requires an annual fee

(sometimes waived for promotional purposes). According to the plaintiffs, the applicable fees for charge and credit cards range from $30 to $450. Complaint ¶¶ 24-26. Gift and dining cards require a onetime payment of $3.95. Id. ¶ 27.

The gravamen of the Complaint is that the card-member agreements contain unconscionable arbitration provisions in violation of California consumer protection laws. In particular, plaintiffs allege violations of the California Unfair Competition Law ("UCL"), and the California Consumer Legal Remedies Act ("CLRA"). Plaintiffs also allege that defendants intentionally misrepresented the unconscionability of several of the challenged provisions and thereby fraudulently induced plaintiffs to enter into the card agreements. Plaintiffs contend that their fraudulent inducement claim requires the recision of the contracts and the restitution of all fees paid. Complaint ¶ 5. With respect to their statutory causes of action, plaintiffs allege that they are entitled to restitution, punitive damages and attorney's fees. Id.

### The Challenged Provisions and Plaintiffs' Legal Theory

Plaintiffs' unconscionability arguments essentially attack five provisions in the card-member agreements. While there has been some minor changes in the operative language over time, these provisions have generally read as follows:

> "If arbitration is chosen by any party with respect to a claim, neither you nor we will have the right to litigate that claim in court or have a jury trial on that claim. Further, you and we will not have the right to participate in a representative capacity or as a member of any class of claimants pertaining to any claim subject to arbitration. Except as set forth below, the arbitrator's decision will be final and binding."

> "If either party elects to resolve a Claim by arbitration, that Claim shall be arbitrated on an individual basis. *There shall be no right or authority for any Claims to be arbitrated on a class action basis.*"

> "We may change the terms or add new terms to this Agreement at any time, in accordance with applicable law. We may apply any changed or new terms to any then-existing balances on your Account as well as to future balances."

> "Our failure to exercise any of our rights . . . or our waiver of our rights . . . shall not constitute a waiver of such rights."

> "These terms and conditions . . . and all questions about their legality . . . are governed by the laws of the State of Utah [New York with respect to gift and dining cards] . . . and by applicable federal law."

Complaint at ¶¶ 62-65.

Among other theories of unconscionability, plaintiffs emphasize that the arbitration provision includes an unconscionable class action waiver. Id. ¶¶ 66-72. According to the plaintiffs, this violates CLRA § 1770(a)(19) which makes it unlawful to "[i]nsert[] an unconscionable provision into a contract." The arbitration provision is also allegedly an "unfair practice" that "offends an established public policy" in violation of the UCL. See Cal. Bus. & Prof. Code §§ 1670.5, 1668; Complaint ¶ 78.

Plaintiffs also allege that defendants have for some time been aware of the unconscionability of several of the challenged terms; and, in particular, the unconscionability of the unilateral modifications provision, the waiver provision, and the choice of law provision. Complaint ¶ 105. Despite this knowledge, defendants allegedly made representations that the terms were conscionable and enforceable. According to plaintiffs, these misstatements were made on the American Express website and in one-on-one interactions with customers. Complaint ¶ 104.

Defendants move to dismiss on various grounds. First, they argue that plaintiffs have not suffered an injury in fact and therefore do not have Article III standing to bring any of their claims. They also contend that the CLRA does not apply to credit cards as a matter of law and that the plaintiffs have failed to plead their fraud claim with the required particularity. Finally, in a separate motion to dismiss they argue that all of plaintiffs' claims are preempted by federal law. Because the Court concludes that plaintiffs lack Article III standing, this Memorandum and Order addresses only the standing issue.

### Article III Standing

Defendants argue that plaintiffs lack Article III standing to bring this action; specifically, they contend that plaintiffs have not demonstrated "injury in fact." "Injury in fact" is part of the irreducible minimum of the "case and controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). An "injury in fact" must be

"concrete and particularized" as well as "actual or imminent." Id. A generalized, hypothetical or conjectural injury is insufficient to establish Article III standing. Id. A party invoking federal jurisdiction bears the burden of demonstrating an injury in fact. Id. at 561. To establish standing at the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice." Id.

Defendants assert that plaintiffs have not demonstrated injury in fact because they have not shown that the challenged arbitration provisions have been implicated in any actual dispute or have otherwise caused plaintiffs harm; plaintiffs have made, in effect, a facial challenge to the legality of the card agreements. Such a challenge is not tied to any actual dispute between the parties and thus does not rest on any concrete injury that is cognizable under the Lujan standard. Put another way, defendants argue that even if the terms of the agreement are unconscionable and illegal, they are just "out there" and have not had any recognizable impact on plaintiffs.

Plaintiffs respond with the following "theory" of injury in fact:

1. When plaintiffs paid for their charge/credit cards and/or gift cards, they paid, at least in part, for the right to mandatory arbitration of all disputes with defendants.

2. The mandatory arbitration provision in the contracts, however, is unconscionable and unenforceable because, among other things, it is a contract of adhesion with a class action waiver.

3. Plaintiffs have a fraud in the inducement claim that they would like to arbitrate; namely, that defendants misrepresented that the card member agreements contain conscionable terms.

4. But, in order to arbitrate their fraud claim, they would have to invoke the unconscionable and thus unenforceable arbitration provision.

5. Seeking to enforce an unconscionable provision is illegal, against public policy and otherwise a waste of time and money.

6. Thus, the unconscionable arbitration provision has denied plaintiffs the value of the right to arbitrate their fraud claim--something that they paid for in signing a contract with a mandatory arbitration provision.

7. Because plaintiffs did not get what they paid for, they have been injured in fact. Plaintiffs' injury theory is thus premised on their assertion that they want to arbitrate their fraud claim but cannot. This theory fails for several reasons.

First, plaintiffs' theory rests on hypothetical assumptions about what may or may not transpire. To accept plaintiffs' position, the Court must first assume that plaintiffs will actually seek to arbitrate their fraud claim. The Court must also assume that the arbitrator will find that certain provisions of the contract, such as the class action waiver, are unconscionable. Next, the Court must assume that as a result of that finding, or perhaps other findings, defendants will insist that the arbitration clause is unenforceable and therefore that the fraud claim must be litigated in court, thereby depriving plaintiffs of their right to arbitrate. Or, if defendants do not insist on courtroom litigation, that the arbitrator will sua sponte refuse to arbitrate the case any further even if both parties agree to arbitrate. In other words, since plaintiffs profess to want to arbitrate their claims, their injury rests on the assumption that defendants will thwart arbitration or the arbitrator will refuse to arbitrate even if the parties want arbitration. These assumptions, especially the last assumption, are questionable, and, in any event, certainly premature. As such, it is impossible to conclude that plaintiffs have described an injury that is "imminent" within the meaning of Lujan.

Second, as support for their injury theory, plaintiffs rely on Lozano v. AT&T Wireless Services, Inc., 504 F.3d 718 (9th Cir. 2007). See Plaintiffs' Opposition at 4 ("Little need be said to refute Defendants' legal theory and argument since a recent decision of the Ninth Circuit–rendered several weeks after the filing of this Complaint–is dispositive of and conclusively establishes that Plaintiffs do have the requisite "injury in fact" and thus have standing to maintain all of their causes of action: Lozano v. AT& T Wireless Services, Inc., 2007 U.S. App.LEXIS 22430 (9th Cir. September 20, 2007)."). Lozano, however, does not help plaintiffs and, indeed, demonstrates that plaintiffs lack standing.

In <u>Lozano</u>, the plaintiff brought a class action in federal court under the CLRA and UCL challenging AT&T's practice of billing its cell phone customers for calls during a billing period other than the billing period in which the calls were made. In other words, if a customer had 400 free minutes a month, AT&T sometimes charged a call made during that month to the next month; such practice made it difficult for customers to keep track of their minutes and, in the plaintiff's case, caused him to exceed his minutes in some months and incur additional charges. This practice is known as "out-of-cycle billing." <u>Id.</u> at 722.

AT&T responded to the complaint by moving to compel arbitration. Plaintiff opposed the motion. The district court refused to compel arbitration on the ground that the arbitration agreement contained an unconscionable class action waiver. <u>Id.</u> at 723; see also <u>Ingle v. Circuit City Stores, Inc.</u>, 328 F.3d 1165, 1176 n.15 (9th Cir. 2003) (holding that a unilateral bar on class-wide arbitration is substantively unconscionable).

Plaintiff subsequently moved for class certification. Among other theories, the district court certified a California class action "based on [AT&T's] inclusion of an unconscionable term in its agreement, i.e., the class action waiver." <u>Id.</u> at 730. The Ninth Circuit reversed the certification of this claim. The court noted that the district court "certified this class pursuant to a theory that was neither pled, nor properly considered by the district court when granting class certification." The complaint challenged out-of-cycle billing, not the inclusion of the class action waiver; as a result, the district court never analyzed whether a challenge to the class action waiver satisfied the prerequisites for class certification. <u>Id.</u> Moreover, because the district court "stuck in" the class action waiver class, the district court certified a theory with no definable class. The class definition adopted by the court was based solely on out-of-cycle billing, the original theory of the complaint:

> The [class action waiver] class the district court certified under subsection (a)(19) [of the CLRA] is wholly unrelated to this definition. Any class certified under *subsection (a)(19)* [of the CLRA] necessitates a class definition that includes individuals who sought to bring class actions in California, but were precluded from doing so because of the class action waiver in AWS's arbitration agreement, *and suffered some resulting damage.*" See <u>Wilens v. TD Waterhouse Group, Inc.</u>, 120 Cal. App. 4th 746, 15 Cal.Rptr. 3d 271, 276-77 (Cal. Ct. App. 2003) (holding a court may not presume damages based on the mere insertion of an unconscionable clause in a contract).

6

Exh A - 9

Id. at 730-31 (emphasis added).

Plaintiffs contend that this latter statement means that they have standing to challenge the unconscionable class action waiver. See Opp. at 5 ("That disposes of Defendants' CLRA standing argument. Just as the CLRA class members 'who sought to bring class actions, but were precluded from doing so because of the class action waiver, and suffered some resulting damage' had standing so do Plaintiffs here"). The Court does not understand how plaintiffs read such a holding into Lozano. The quoted statement has nothing to do with standing; it is in the context of defining a hypothetical class, and, in any event, it states that the "class action waiver" class must have been precluded from bringing a class action "and suffered some resulting damage." Id. at 731 (emphasis added). The Ninth Circuit did not hold that the class action waiver class *had in fact* suffered some damage; instead, the Ninth Circuit was instructing the district court that the class members *must have suffered* some damage to be part of the class. This damage must be something more than simply being precluded from bringing a class action because the court stated that the class must have been so precluded *and* have suffered some damage. This conclusion is further reinforced by the Ninth Circuit's citation to Wilens and the parenthetical explanation that "a court may not presume damages based on the mere insertion of an unconscionable clause in a contract." Id.

Here, plaintiffs have not and cannot allege any damage because they do not have a dispute with defendants that they tried unsuccessfully to litigate as a class action. Their dispute is merely the presence of the class action waiver which could render the arbitration provision unenforceable, even though they may never bring a class action or any action whatsoever, and even if defendants may not oppose arbitration, even if certain terms are unconscionable and thus unenforceable. They ask this Court to presume damages from the mere insertion of the allegedly unconscionable clauses in a contract. Lozano holds that such presumption is wrong.

In their post-hearing submission, plaintiffs contend that the Lozano court "found standing in the absence of an arbitration so that the plaintiff could maintain challenges under

the UCL and CLRA relative to the arbitration provision." Plaintiffs' characterization of Lozano is wrong. As even a cursory reading of the opinion demonstrates, the court held that the plaintiffs had standing to challenge the out-of-cycle billing because the named plaintiff suffered actual injury from the practice in the form of additional charges and being unable to utilize all the monthly minutes for which the plaintiff had contracted. Id. at 731-34. Neither the district court nor the Ninth Circuit ever addressed plaintiff's standing to make a challenge to the arbitration provision because, as the Ninth Circuit explained, the plaintiff did not make such a claim; rather, the district court apparently certified such a claim even though none was made.

Third, even if the Court accepted that plaintiffs have demonstrated that they are barred from arbitrating their proposed fraud claim, that bar cannot constitute an injury in fact unless the fraud claim *itself* is based on some cognizable injury. Plaintiffs' fraud claim, however, is --at its core--simply a claim that defendants fraudulently misrepresented that the agreements do not contain unconscionable terms. See Complaint ¶¶ 103-07. Plaintiffs have not been injured by this representation. Since none of those provisions has been implicated in any dispute, the harm is simply that plaintiffs entered into agreements with unconscionable terms that may or may not have any impact in the future. Consequently, for plaintiffs' theory of injury to fly, the Court must conclude that the inclusion of unconscionable terms in plaintiffs' contract, standing alone, caused injury in fact. The Ninth Circuit in Lozano says that it does not.

## CONCLUSION

At bottom, plaintiffs' argument is that they were damaged by the mere existence of the allegedly unconscionable terms in their card agreements. But those terms have not been implicated in any actual dispute between the parties. The challenged terms have not, for instance, been invoked against plaintiffs and they have not prohibited plaintiffs from asserting their rights. No court, state or federal, has held that a plaintiff has standing in such

//
//

1  circumstances and plaintiffs have not convinced this Court that it should be the first.
2  Accordingly, defendants' motion to dismiss for lack of standing is GRANTED.
3  **IT IS SO ORDERED.**
4
5  Dated: December 6, 2007                                      CHARLES R. BREYER
                                                                UNITED STATES DISTRICT JUDGE

EXHIBIT B

```
 1                    UNITED STATES DISTRICT COURT

 2                   NORTHERN DISTRICT OF CALIFORNIA

 3             BEFORE THE HONORABLE CHARLES R. BREYER, JUDGE

 4
     ---------------------------)
 5                               )
     David Lee, et al.,          )
 6                               )
                    Plaintiffs,  )
 7                               )
            v.                   )    NO. C 07-4765 (CRB)
 8                               )
     American Express Travel,    )
 9                               )
                    Defendant.   )    San Francisco, California
10                               )    Friday, November 30, 2007
     ---------------------------)        (9 pages)
11

12
                        TRANSCRIPT OF PROCEEDINGS
13
     APPEARANCES:
14
     For Plaintiffs:           MATTHEW SCOTT HALE
15                             Attorney at Law
                               45 Rivermond Drive
16                             Post Office Box 1951
                               Newport News, Virginia 23601
17

18   For Defendants:           Stroock & Stroock & Lavan LLP
                               2029 Century Park East
19                             Suite 1800
                               Los Angeles, California 90067
20                        BY:  STEPHEN JULIAN NEWMAN

21

22

23

24

25
```

COPY

Exh. B - 13

CONNIE KUHL, RMR, CRR
Official Reporter - U.S. District Court (415) 431-2020

| | |
|---|---|
| 1 | Tuesday, November 30, 2007 |
| 2 | (10:14 a.m.) |
| 3 | DEPUTY CLERK: David Lee versus American Express. |
| 4 | Appearances, Counsel? |
| 5 | MR. HALE: Matthew Hale for the plaintiffs. |
| 6 | MR. NEWMAN: Steven Newman for the defendants. |
| 7 | THE COURT: Good morning. Well, anybody have anything |
| 8 | to add to what's been filed? |
| 9 | MR. NEWMAN: If I may, I'm the moving party, I think |
| 10 | the standing issue is the critical one here. The plaintiffs |
| 11 | here have ample other remedies if there is an issue with the |
| 12 | arbitration clause and these can be raised in the context of a |
| 13 | motion to compel arbitration of a particular dispute. If there |
| 14 | is an arbitration, they can be raised in the context of the |
| 15 | arbitration itself. If there is an award, they can be raised |
| 16 | in proceedings to vacate or correct or enforce the award. |
| 17 | So your Honor simply doesn't have a live dispute |
| 18 | before him. The claim is just: I'm a party to this contract |
| 19 | and someday I might have something I'm going to arbitrate, I |
| 20 | might have a problem with the arbitration clause. |
| 21 | THE COURT: Well, that was my impression. My |
| 22 | impression is I don't have standing -- I mean, I have standing, |
| 23 | but the plaintiffs don't. So you have -- |
| 24 | MR. HALE: Yes, your Honor. Our position is there's |
| 25 | nothing to arbitrate because arbitration is impossible at this |

1  point.
2          THE COURT: Why is it impossible? You haven't made a
3  claim for arbitration. You haven't sought arbitration. Let's
4  say you seek arbitration. Then the arbitrator has to make some
5  decisions, right? He could conceivably make some decisions in
6  your favor. Could -- if you're so sure you're so right, and
7  there you are. And he could throw out the class action
8  requirement or limitation if he thought that that was
9  appropriate from your arguments. He could do the things that
10 you haven't even -- you're complaining about, but you haven't
11 complained about it in front of the arbitrator.
12         MR. HALE: Your Honor, if I might.
13         THE COURT: Sure.
14         MR. HALE: Arbitration is impossible under the
15 circumstances here because, first of all, down in Orange County
16 in a superior court case Judge Carol Dunning in a response to
17 their motion to compel arbitration ruled that American
18 Express's arbitration clause, the same one we're disputing
19 here, is unenforceable because it's unconscionable. They never
20 appealed that.
21         So there's now a collateral estoppel effect. The
22 Court has held that that arbitration clause is not operative at
23 this point.
24         Secondly, one of the big issues here is, according to
25 the --

```
 1            THE COURT: Well now, wait. Let's say you're right on
 2   that, which I'm not suggesting that you're not. Are you
 3   telling me that you couldn't say that to the arbitrator?
 4            MR. HALE: Well, there's another point, if I could
 5   make it, your Honor.
 6            THE COURT: I'm going one point at a time.
 7            MR. HALE: All right.
 8            THE COURT: You said -- I think you don't have
 9   standing. You say, Oh, yes, you do. And then you cite as a
10   reason that you don't go to arbitration is a decision from the
11   Orange County Superior Court holding the class action bar
12   unconscionable and that therefore American Express is
13   collaterally estopped from litigating -- I guess that's
14   right -- litigating that issue, to which I say: If you are
15   right, why wouldn't you say that to an arbitrator? And why
16   wouldn't the arbitrator then theoretically be bound by the laws
17   of collateral estoppel?
18            MR. HALE: I suppose they would, your Honor, but
19   there's a more --
20            THE COURT: Now, let's move to the second point.
21            MR. HALE: The more compelling reason here, and why
22   this cannot be arbitrated, is because in the contracts involved
23   here, in the arbitration clause, it says that the arbitrator
24   must decide the validity of the arbitration agreement.
25   That's -- so he would have to decide that. And --
```

```
 1              THE COURT:  What if he decided in your favor?
 2              MR. HALE:  As a matter of law, under Buckeye Check
 3   Cashing and Nagrampa, he cannot.  He has no authority to
 4   evaluate -- has no jurisdiction to render an opinion as to the
 5   validity of the arbitration agreement itself.  So by the
 6   Supreme Court's own holding in Buckeye Check Cashing and in the
 7   Ninth Circuit en banc decision in Nagrampa, that cannot occur,
 8   so there cannot be any arbitration whatsoever because of the
 9   central issue here.
10              As a consequence, it's a futile act.  The law does not
11   require a plaintiff to jump through a series of hoops the last
12   of which is obstructed by a brick wall.  There can be no
13   arbitration here because the Supreme Court of the United
14   States --
15              THE COURT:  Wait, wait.  I don't understand.  First of
16   all, you say -- the dispute that you have with American Express
17   is the arbitration clause.
18              MR. HALE:  No, we would like to arbitrate our claim
19   for fraud.
20              THE COURT:  But fraud was the fraud in inducing you to
21   enter into an agreement with American Express because, you
22   claim, there's an arbitration clause.  You said, Look, you know
23   why I got their credit card?  Because they have an arbitration
24   clause.
25              By the way, I've never heard of that in my life.  I've
```

1  always greeted new things, and I rather enjoy that arrangement.
2       Because I hadn't thought that people go to credit card
3  companies or buy anything because it has an arbitration clause
4  in it, but I guess you did, or your clients do.  So -- we'll
5  see if they do or not, and that will be the subject of some
6  litigation.
7       But I still don't quite understand why you can't go to
8  the arbitrator and say to the arbitrator, Here, this clause is
9  unconscionable, that should be stricken, and the arbitrator
10 says, Fine, that's out.
11      Now, what's your next complaint?  And your next
12 complaint is what?  If he strikes the class action, so he says,
13 Yeah, you want a class action, go right ahead?  I think that is
14 unconscionable.  It's out.  So then what's next?  You've gotten
15 exactly what you've wanted, haven't you?  Fabulous, you've
16 gotten a deal with American Express and you're going to be able
17 to bring class actions against them and that's why you got
18 their credit card.
19      MR. HALE:  Part of this lawsuit is as a class action.
20 We seek to not have the remedy just based -- directed toward
21 the plaintiffs but to a class of people.
22      THE COURT:  And you're going to get it.  He's going to
23 give it to you.  The arbitrator may very well give it to you.
24 That will be wonderful.  You'll probably get a lot of people.
25 American Express has all sorts of business now because they

1   have a non class action bar.
2       MR. HALE: There's another problem with that, your
3   Honor, in the fact that the contract with American Express
4   prohibits a consolidation. So there cannot be a class action
5   within the context of arbitration.
6       THE COURT: The class action provision of the
7   arbitration agreement prevents consolidation, right? Is that
8   your point?
9       MR. HALE: There's a ban on class actions outside
10  arbitration.
11      THE COURT: That's going to be stricken.
12      MR. HALE: All right. But in the contract itself
13  there's also a ban on consolidation, so there is a ban on --
14      THE COURT: What's the ban on consolidation?
15      MR. HALE: It's in the contract.
16      THE COURT: He'll throw that out, too. May very well
17  throw that out. Then what? Then you've gotten exactly what
18  you wanted. The only thing you don't have is any injury. But
19  let's not quibble about that.
20      MR. HALE: Your Honor, we would argue that under the
21  Ninth Circuit's holding in Lozano not getting what he paid
22  if --
23      THE COURT: He may very well get what he paid for.
24  That's my point. You may very well get what he paid for,
25  assuming that he actually paid for it. You may get it. You

```
 1   don't have standing.  You don't have any injury.
 2           MR. HALE:  Well, your Honor, I respectfully disagree
 3   based on the holding of --
 4           THE COURT:  I'll write an opinion, and it's located on
 5   7th and Mission.  You may take it right over there.
 6           MR. NEWMAN:  Thank you, your Honor.
 7           MR. HALE:  Thank you, your Honor.
 8           One piece of housekeeping.  There's a case
 9   management --
10           THE COURT:  It's vacated.  I'm throwing out the
11   lawsuit.
12           MR. NEWMAN:  Thank you, your Honor.
13           MR. HALE:  Thank you.
14           (Adjourned)
15                               oOo
16
17
18
19
20
21
22
23
24
25
```

# CERTIFICATE OF REPORTER

I, Connie Kuhl, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in Case No. C 07-4765 (CRB), David Lee, et al. v. American Express Travel, were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a true record of said proceedings as bound by me at the time of filing.

The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

_____
Connie Kuhl, RMR, CRR
Wednesday, December 5, 2007