1  Matthew S. Hale, Esq.
   HALE & ASSOCIATES
2  Calif. State Bar No. 136690
   45 Rivermont Drive
3  Newport News, VA 23601

4  Mailing Address:
   P.O. Box 1951
5  Newport News, VA 23601
   Telephone No. (757) 596-1143
6  E-Mail: matthale@verizon.net

7  Attorney for Plaintiffs, DAVID J. LEE and
8  DANIEL R. LLOYD

9                    UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  DAVID J. LEE and DANIEL R. LLOYD,      )   Case No.: C 07-4732 MJJ
13  as individuals and, on behalf of others )
    similarly situated,                     )
14                                          )       CLASS ACTION
                    Plaintiffs,             )
15                                          )   PARTIES' JOINT CASE MANAGEMENT
          vs.                               )   CONFERENCE STATEMENT AND FED.
16                                          )   R. CIV. P. 26(F) DISCOVERY PLAN
    CHASE MANHATTAN BANK U.S.A.,            )
17  N.A., a Delaware corporation, CHASE     )    Hon. Judge Martin J. Jenkins
    MANHATTAN BANK U.S.A., N.A. d.b.a.      )    Complaint filed: Sept. 14, 2007
18  CHASE BANK U.S.A., N.A., JPMORGAN       )
    CHASE & CO., a Delaware corporation;    )
19  and DOES 1, through 100, inclusive,     )
                                            )
20                  Defendants.             )
                                            )
21  _____)

22

23

24

25

26

27

28

The parties, individual and proposed class representative Plaintiffs David J. Lee and Daniel R. Lloyd and Defendants Chase Manhattan Bank U.S.A., N.A., Chase Manhattan Bank U.S.A., N.A. d/b/a Chase Bank U.S.A., N.A., and JPMorgan Chase & Co., Inc. (hereafter, collectively "Chase") hereby jointly submit this Case Management Conference Statement for the Case Management Conference to be conducted in this matter on January 8, 2008 at 2:00 p.m.[1]

## I.    JURISDICTION AND SERVICE:

The complaint has been served.  Defendants contend that the only proper defendant is Chase Bank USA, N.A., the only issuer of the credit cards alleged in the Complaint.

The Plaintiffs contend that the basis for the Court's subject matter jurisdiction is diversity of citizenship and federal question jurisdiction.  Defendants contend, among other things, that Plaintiffs lack Article III standing to maintain this action (and thus the Court lacks subject matter jurisdiction); the applicable statutes of limitations have expired; Plaintiffs' have failed to state a claim under the California Legal Remedies Act ("CLRA") Cal. Civil Code §§ 1750 et seq.; Plaintiffs' claims are preempted by the National Bank Act, 12 U.S.C. § 24 et seq., and/or its implementing regulations (12 C.F.R. §§ 7.4008(d)(2)(iv) and (viii); and that Plaintiffs' complaint was not pleaded with sufficient particularity.

Defendants' Motion to Dismiss is scheduled for hearing on January 8, but the parties have requested a continuance to January 29, 2008.

## II.    STATEMENT OF FACTS:

### A.    Plaintiffs' Statement

1.    Plaintiff David Lee obtained and received a Chase United Airlines credit card in or about the late 1990's.

2.    Plaintiff Daniel R. Lloyd obtained and received a Chase United Airlines Mileage Plus Platinum credit card in or about 2000.

---

[1] "The parties have filed a stipulated request to continue the Case Management Conference to January 29, 2008, but as yet the Court has not acted upon the request."

2.      At the time Plaintiffs made application for their Chase credit cards they were advised that they and Chase were each entitled to mandatory arbitration of claims arising under and involving the credit cards in question.

3.      Plaintiffs have paid an annual fee in each of the years after the initial issuance of their credit cards until the present time.  At the time they paid their annual fees for their Chase credit cards, Plaintiffs Lee and Lloyd paid for the right to demand mandatory arbitration of any claim they had against Chase for any goods or services they received from the use of their credit cards.

4.      At the time Plaintiffs physically received their Chase credit cards they also received a cardmember agreement from Chase.

5.      The cardmember agreement provides, in part, that

"IT PROVIDES THAT ANY DISPUTE MAY BE RESOLVED BY BINDING ARBITRATION.  ARBITRATION REPLACES THE RIGHT TO GO TO COURT.  YOU WILL NOT BE ABLE TO BRING A CLASS ACTION OR OTHER REPRESENTATIVE ACTION IN COURT SUCH AS THAT IN THE FORM OF A PRIVATE ATTORNEY GENERAL ACTION, NOR WILL YOUBE ABLE TO BRING ANY CLAIM IN ARBITRATION AS A CLASS ACTION OR OTHER REPRESENTATIVE ACTION.  YOU WILL NOT BE ABLE TO BE PART OF ANY CLASS ACTION OR OTHER REPRESENTATIVE ACTION BROUGHT BY ANYONE ELSE OR BE REPRESENTED IN A CLASS ACTION OR OTHER REPRESWENTATIVE ACTION IN THE ABSENCE OF THIS ARBITRATION AGREEMENT. YOU ANDE WE MAY OTHERWISE HAVE HAD A RIGHT OR OPPORTUNITY TO BRING CLAIMS IN A COURT BEFORE A JUDGE OR JURY, AND/OR TO PARTICIPATE OR BE REPRESENTED IN A CASE FILED IN COURT BY OTHERS (INCLUDING CLASS ACTIONS AND OTHER REPRESENATATIVE ACTIONS).  OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO A COURT, SUCH AS DISCOVERY OR THE RIGHT TO APPEAL THE DECISION MAY BE MORE LIMITED.  EXCEPT AS OTHERWISE PROVIDED BELOW, THOSE RIGHTS ARE WAIVED. …

"Either you or we may, without the other's consent, elect mandatory, finding arbitration of any claim, dispute or controversy by either you or us against the other, or against the employees, parents, subsidiaries, affiliates, beneficiaries, agents or assigns of the other, arising from or relating in any way to the Cardmember Agreement, any prior Cardmember Agreement …  The Arbitration Agreement governs all Claims, whether such claims are based on law, statute, contract, regulation, ordinance, tort, common law, constitutional provision , or any legal theory of law such as respondeat superior, or any other legal or equitable ground and whether such Claims seek as remedies money damages, penalties, injunctions, or declaratory or equitable relief.  Claims subject to the Arbitration Agreement include Claims regarding the applicability of this Arbitration Agreement or the validity of the entire Cardmember Agreement or any prior Cardmember Agreement.

"Claims subject to arbitration include Claims that are made as counterclaims, cross claims, third party claims, interpleaders or otherwise, and a party who initiates a proceeding in court may elect arbitration with respect to any such Claims advanced in the lawsuit by any party or parties….

"No arbitration will be consolidated with an other arbitration proceeding without the consent of all parties…

"The party filing a Claim in arbitration must choose one of the following two arbitration administrators:   American Arbitration Association, or National Arbitration Forum. …  You may obtain copies of the current rules of each of the two arbitration administrators, information about arbitration and arbitration fees, and instructions for initiating arbitration by contacting the arbitration administrators …

"… The arbitration will be conducted under the applicable procedures and rules of the arbitration administrator that are in effect on the date the arbitration is filed unless those procedures and rules are inconsistent with this Arbitration Agreement, in which case this Agreement will prevail.   …   The arbitrator … will not have the power to award relief to, against, or for the benefit of any person who is not a party to the proceedings.  ….

"We will reimburse you for the initial arbitration filing fee paid by you up to the amount of $500 upon receipt of proof of payment.  Additionally, if there is a hearing, we will pay any fees of the arbitration and arbitration administrator for the first two days of that hearing.  …  All other fees will be allocated in keeping with the rules of the arbitration administrator and applicable law.  However, we will advance or reimburse filing fees and other fees if the arbitration administrator or arbitrator determines there is good reason for requiring us to do so or you ask us and we determine there is good cause for doing so.  Each party will bear the expense of the fees and costs of that party's attorneys fees, witnesses, documents, and other expenses, regardless of which party prevails, for arbitration and any appeal … except that the arbitrator shall apply any applicable law in determining whether a party should receive any or all fees and costs from another party."

"The appeal must request a new arbitration before a panel of three neutral arbitrators designated by the same arbitration organization.   The panel will reconsider all factual and legal issues anew …  Each party will bear their own fees, costs and expenses for any appeal, but a party may recover any or all fees, costs and expenses from another party, if the majority of the panel of arbitrators, applying applicable law, so determines.

See Plaintiffs' Complaint, Exhibit 14.   The relevant provisions of the cardmember agreement

(excepting the arbitration provision) include:

"We can change this agreement at any time, regardless of whether you have access to your account, by adding, deleting, or modifying any provision.  Our right to add, delete, or modify provisions includes financial terms, such as the APRs and fees, and other terms such as the nature, extent and enforcement of the rights and obligations you or we may have relating to this agreement.  Modifications, additions, or deletions are called 'Changes' or a 'Change.'"

1

2

"We can delay enforcing or not enforced any of our rights under the agreement without losing out right to enforce them in the future.  If any of the terms of this agreement are found to be unenforceable, all other terms will remain full force."

3

4

5

6

"THE TERMS AND ENFORCEMENT OF THIS AGREEMENT AND YOU ACCOUNT WILL BE GOVERENDED AND INTERPRETED IN ACCORDANCE WITH FEDERAL LAW AND, TO THE EXTENT STATE LAW APPLIES, THE LAW OF DELAWARE.  WITHOUT REGARD TO CONFLICT-OF-LAW PRINCIPLES, THE LAW OF DELAWARE, WHERE WE AND YOUR ACCOUNT ARE LOCATED, WILL APPLY NO MATTER WHERE YOU LIVE OR USE THE ACCOUNT."  (Capitalization in original)

Ibid.

7

8

### B.    Defendants' Statement:

9

10

11

12

13

14

Defendants should not be required to respond to any of plaintiff's claims on the merits until such time as the pending Motion to Dismiss has been ruled upon.  Defendants note that on December 6, 2007, Judge Charles Breyer of this Court dismissed similar claims by these plaintiffs against American Express pursuant to F.R.C.P. 12(b)(6). That said, if required to defend on the merits, Defendants would dispute that any provision of the relevant credit card agreement is unlawful and would dispute that Plaintiffs have been harmed in any way.

### III.    LEGAL ISSUES:

15

16

### A.    Plaintiffs' Statement:

17

18

19

1.    Whether a party to a contract not receiving, at least in part, that for which he paid all or part of his annual fee (in this instance, the right to mandatory arbitration) has suffered an injury sufficient to support standing under Art. III, the UCL, and/or CLRA.

20

21

22

2.    Whether the contractual right to mandatory arbitration is a material term of the card member agreement and has pecuniary value, the loss of all or part of which supports his standing under Art. III, the UCL, and/or the CLRA.

23

24

25

26

27

28

3.    Whether it is necessary for a party challenging the unconscionability of an arbitration provision (and not the unconscionability of the card member agreement as a whole or, for that matter, rescission on the card member agreement) to either invoke the arbitration provision (or have it invoked against him) so that the matter went to arbitration in order for that party to have standing to challenge the unconscionability of the arbitration provision and whether its unconscionability violates the CLRA and/or UCL.

4.      Whether the arbitration agreement is unconscionable, unenforceable, and illegal pursuant to California law as well as precedents of the Ninth Circuit Court of Appeal.

5.      Whether the arbitration agreement is unconscionable pursuant to Cal. Civil Code § 1670.5.

6.      Whether the arbitration agreement's term concerning payment for an arbitration violates Cal. Code of Civil Procedure § 1281.4.

7.      Whether the arbitration agreement, due to its unconscionability and violation of Civ. Code § 1670.5 violates California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.

8.      Whether the arbitration agreement, due to its violation of Code of Civ. Proc. § 1281.4 violates the UCL.

9.      Whether the arbitration agreement is unfair and thereby violates the UCL.

10.     Whether the arbitration provision violates California's Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750 et seq., and particularly § 1770(a)(19) which makes it an unlawful act to insert an unconscionable term in a contract.

11.     Whether the arbitration provision, due to its violation of Civ. Code § 1770(a)(19), violates the UCL.

12.     Whether the cardmember agreement is unconscionable, unenforceable, and illegal pursuant to California law as well as precedents of the Ninth Circuit Court of Appeal.

13.     Whether the cardmember agreement is unconscionable pursuant to Cal. Civil Code § 1670.5.

14.     Whether the cardmember agreement, due to its unconscionability and violation of Civ. Code § 1670.5 violates California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.

15.     Whether the cardmember agreement is unfair and thereby violates the UCL.

16.     Whether the cardmember agreement violates California's Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750 et seq., and particularly § 1770(a)(19) which makes it an unlawful act to insert an unconscionable term in a contract.

17.    Whether the cardmember agreement, due to its violation of Civ. Code § 1770(a)(19), violates the UCL.

18.    Whether Defendants committed fraud against Defendants by making misrepresentations to Plaintiffs and similarly situated persons that the terms contained in the Chase credit card cardmember agreement and the cardmember agreement itself were conscionable, legal, and enforceable, and that the controlling law pertaining to those cards was Delaware law, which representations were relied upon by Plaintiffs and, as a result, they paid the annual fee for the cards.

**B.    Defendants' Statement:**

Defendants contend that the issues presented by Plaintiffs are premature because no ruling has been issued on the Motion to Dismiss.  The legal issues set forth in the Motion to Dismiss include:

1.    Whether Plaintiffs fail to allege any concrete, measurable harm they have suffered as a result of the credit card and arbitration agreements alleged, and thus lack standing to bring this action.

2.    Whether the applicable statutes of limitations bar all of Plaintiffs' claims.

3.    Whether the National Bank Act and federal regulations promulgated thereunder preempt Plaintiffs' claims.

4.    Whether the claims under the CLRA lack merit because neither the arbitration agreements at issue here nor the credit card agreements themselves are regulated under that statute.

5.    Whether the fraud claim fails because it is not pleaded with particularity.

**IV.    MOTIONS:**

Plaintiffs intend to file motions regarding: class certification, summary judgment or partial summary judgment. In addition, Plaintiffs may need to file, if necessary, motions to compel discovery, and motion for leave to file additional interrogatories.

On or about October 25, 2007, Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim under Fed. R. Civ. Proc. Rule 12(b)(6).  It is

1  premature for Defendants to determine the nature of any further anticipated motions prior to the

2  ruling on the Motion to Dismiss.

3  **V.    AMENDMENT OF PLEADINGS:**

4      Plaintiffs do not anticipate any amendments of pleadings at this time.  Defendants

5  request that all erroneously sued parties be dismissed and that Chase Bank USA, N.A. be

6  substituted as the correct defendant.

7  **VI.    EVIDENCE PRESERVATION:**

8      Plaintiffs will preserve all documents, in paper or electronic form, related to the subject

9  matter of this case (all such documents are currently exhibits to the Complaint, in any event).

10     Defendants have preserved documents relating to Plaintiffs' accounts to the extent such

11  documents existed at the time of service of the Complaint.  Defendants are unable to determine

12  what additional documents should be preserved until there is a ruling on the Motion to Dismiss.

13  **VII.    DISCLOSURES:**

14      **A.    Plaintiffs' Statement:**

15      All disclosures are made in the Complaint, including the identity of all documents and

16  factual matters.

17      **B.    Defendants' Statement:**

18      Defendants contend that it is premature to exchange Rule 26 disclosures until after the

19  Motion to Dismiss has been ruled upon.

20  **VIII.    DISCOVERY:**

21      Plaintiffs' Discovery: Plaintiffs anticipate serving the following discovery on all

22  Defendants following the denial of their motion to dismiss, and receipt of their answer to the

23  complaint:  (1) First Set of Interrogatories; (2) First Set of Requests for Admission; and (3) First

24  Request for Production of Documents. Plaintiffs do not agree to any limitations or modifications

25  of the discovery rules set forth in the Federal Rules of Civil Procedure or Local Rules and will

26  oppose any effort by Defendants concerning bifurcation or delays in discovery.

27

28

1    Defendants' Discovery:    Defendants contend that discovery issues are premature

2  because the Motion to Dismiss is still pending.    If this matter proceeds past the pleadings,

3  Defendants would propose bifurcating class and merits discovery.

4    Class Actions:

5    Plaintiffs propose that a hearing on class certification be held on or before May 29, 2008.

6    Defendants contend that it is premature to address scheduling class certification

7  proceedings in light of the pendency of the Motion to Dismiss.

8  **IX.    RELATED CASES:**

9    Plaintiffs David Lee and Daniel R. Lloyd have not filed any "related" actions (that

10  having been determined by Judge Patel in *Lee v. Capital One Bank,* Case No. C-07-4599 MHP

11  (September 5, 2007).    However, two other actions have been filed by one or more of the

12  Plaintiffs that challenge the unconscionability of the arbitration provisions contained in the

13  cardmember agreements of American Express cards and Capital One cards, respectively (the

14  terms of which are not identical to those challenged here): *Lee v. American Express Travel*

15  *Related Services, Inc.*, Case No. C-07 4765 EDL (filed September 17, 2007); *Lee v. Capital One*

16  *Bank,* Case No. C-07-4599 MHP (September 5, 2007).

17    Defendants note that on November 30, 2007, the defendants' motion to dismiss was

18  granted in the *American Express* case referenced above, without leave to amend.    A copy of the

19  opinion and hearing transcript have been provided to the Court.

20  **X.    RELIEF:**

21    **A.    Plaintiffs' Statement:**

22    The UCL causes of action do not seek damages since none are statutorily authorized.

23  The only damages sought under the CLRA and fraud causes of action are punitive damages

24  which, at present, are not now calculable or otherwise ascertainable.    Rescission of the

25  cardmember agreement is not sought by Plaintiffs.

26

27

28

**B.      Defendants' Statement:**

Defendants contend that this issue is premature until the Court issues a ruling on the Motion to Dismiss.  Defendants agree that no damages are recoverable on the UCL claim and contend that no financial remedies may be ordered pursuant to any claim alleged here.

**XI.      SETTLEMENT AND ADR:**

The parties believe that settlement/ADR discussions are premature at this stage of the litigation.  They will conduct an ADR teleconference as required by the Local Rules.

**XII.      CONSENT TO MAGISTRATE:**

The parties do not consent to have a magistrate judge conduct all further proceedings.

**XIII.      OTHER REFERENCES:**

None.

**XIV.      NARROWING OF ISSUES:**

The parties anticipate that resolution of anticipated motions may narrow the issues for determination.

**XV.      EXPEDITED SCHEDULE:**

The parties do not believe that an expedited schedule is necessary.

**XVI.      SCHEDULING:**

**A.      Plaintiffs' Proposal:**

Plaintiffs believe that discovery should go forward following denial of the Defendants' motion to dismiss and that bifurcation is not needed in that the issues involved in this action are almost exclusively questions of law. Plaintiffs propose the following discovery and motions deadlines:

| | |
|---|---|
| Close of Fact Discovery | March 1, 2008 |
| Last Day For Hearing on Dispositive Motions | May 1, 2008 |
| Expert Reports | June 2, 2008 |
| Rebuttal Expert Reports | July 2, 2008 |
| Close of Expert Discovery | August 2, 2008 |
| Final Pre-Trial Conference | August 15,  2008 |

| Trial | September 3, 2008 |
|-------|-------------------|

**B.      Defendants' Proposal:**

Defendants contend that any scheduling is premature until the Court issues a ruling on the Motion to Dismiss.  If the Motion is not granted, Defendants would propose completing proceedings on plaintiffs' anticipated motion for class certification by December 15, 2008, and propose to address further scheduling after class certification proceedings are completed. Defendants would propose bifurcating class and merits discovery.

**XVII.  TRIAL:**

**A.      Plaintiffs' Statement:**

Plaintiffs anticipate that they can be ready for trial by September 2008.  The estimated time for trial is 2-4 days with or without class.

**B.      Defendants' Statement:**

It is premature to set a trial date or estimate the length of trial given the pendency of the Motion to Dismiss.  The time and length of trial, if any, would further depend on the outcome of any class certification motion.  In light of plaintiffs' class allegations, trial would be unfeasible before Fall 2009.

**XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

**A.      Plaintiffs' Disclosure:**

None exist.

**B.      Defendants' Disclosure:**

Defendants are not aware of any at this time.

///

///

///

- 10 -

1

January 2, 2008                                HALE & ASSOCIATES

2

3

4                                   By: _____/s/_____

5                                        Matthew S. Hale, Esq.
                                         Attorneys for Plaintiffs, DAVID J. LEE
6                                        and DANIEL R. LLOYD

7

8
                                            STROOCK & STROOCK & LAVAN, L.L.P.
9

10   January 2, 2008                  By: _____/s/_____

11                                       Stephen J. Newman, Esq.

12                                       Attorneys for Defendants
                                         CHASE MANHATTAN BANK U.S.A., N.A.,
13                                       CHASE MANHATTAN BANK U.S.A., N.A.
                                         d/b/a CHASE BANK U.S.A., N.A., and
14                                       JPMORGAN CHASE & CO.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PARTIES' F.R.C.P. 26(F) JOINT CASE MANAGEMENT CONFERENCE STATEMENT & DISCOVERY PLAN
CASE NO. C 07-4732 MJJ**