# EXHIBIT A

```
1                    UNITED STATES DISTRICT COURT

2                   NORTHERN DISTRICT OF CALIFORNIA

3  DAVID J. LEE,               )
                               )
4              PLAINTIFF,      )
                               )
5  VERSUS                      )   CASE NO. CV-07-4599MHP
                               )
6                              )   DECEMBER 10, 2007
                               )
7  CAPITAL ONE BANK, ET AL.,   )   SAN FRANCISCO, CALIFORNIA
                               )
8              DEFENDANT.      )
                               )
9  _____ )

10           BEFORE THE HONORABLE MARILYN H. PATEL

11             UNITED STATES DISTRICT COURT JUDGE

12  APPEARANCES:

13  FOR PLAINTIFF:    MATTHEW HALE, ESQ.

14                    45 RIVERMOND DRIVE

15                    P.O. BOX 1951

16                    NEWPORT NEWS, VA. 23601

17

18

19  FOR DEFENDANTS:   MORRISON AND FOERSTER

20                    BY: JAMES R. MC GUIRE, ESQ.

21                    555 MARKET STREET

22                    SAN FRANCISCO, CALIFORNIA 94105

23

24  REPORTED BY:      JUANITA GONZALEZ

25                    CSR NO. 3003
```

COPY

```
 1              THE CLERK:  CALLING CIVIL 07-4599, LEE VERSUS CAPITAL
 2  ONE BANK, ET. AL.
 3              THE COURT:  YOUR APPEARANCES.
 4              MR. HALE:  GOOD AFTERNOON, YOUR HONOR.  MATTHEW HALE
 5  FOR THE PLAINTIFF.
 6              MR. MC GUIRE:  GOOD AFTERNOON.  JAMES MC GUIRE FOR THE
 7  DEFENDANTS.
 8              THE COURT:  GOOD AFTERNOON.
 9              NOW, I UNDERSTAND MR. LEE HAS A CAPITAL ONE CREDIT CARD
10  OF SOME SORT.
11              MR. HALE:  YES.
12              THE COURT:  AND HE IS UNHAPPY WITH THE ARBITRATION
13  PROVISION.
14              MR. HALE:  YES, YOUR HONOR.
15              THE COURT:  WHAT ELSE?
16              MR. HALE:  WELL, HE WOULD LIKE TO -- HE HAS A CLAIM FOR
17  FRAUD WHICH HE WOULD LIKE TO ARBITRATE AGAINST THEM.  HE IS
18  PROHIBITED FROM DOING SO BY THE CONTRACT AND THE OPERATIVE LAW.
19              THE COURT:  WHAT'S THE CLAIM FOR FRAUD?
20              MR. HALE:  FRAUD AND INDUCEMENT IN BEING LED TO BELIEVE
21  HE HAD AVAILABLE MEANS OF ARBITRATION.  MY CLIENT IS A BUSINESS
22  MAN.  HE LIKES ARBITRATION, THINKS IT'S A GOOD THING.
23  UNFORTUNATELY, THE LAWS HE HAS BEEN PROVIDED THE DEFENDANT IS
24  MANY OF THE PROVISIONS IN THE PROVISION HAVE BEEN DECLARED BY
25  THE NINTH CIRCUIT OR CALIFORNIA SUPREME COURT OR UNITED STATES
```

1  SUPREME COURT TO BE UNCONSTITUTIONAL AND UNENFORCEABLE. AS A
2  CONSEQUENCE, HE SUFFERED DAMAGES IN THAT HE PAID FOR SOMETHING,
3  A RIGHT TO ARBITRATION, AND HE DIDN'T GET IT.
4          THE COURT: HE PAID FOR A LOT MORE THAN A RIGHT TO
5  ARBITRATION.
6          MR. HALE: TRUE. A CREDIT CARD IS A CONVENIENCE AND
7  PROVIDES OTHER SERVICES AS WELL.
8          THE COURT: HAS THERE BEEN A DISPUTE BETWEEN HIM AND
9  CAPITAL ONE WHERE HE IS SEEKING TO USE ARBITRATION AND/OR TO
10 DEFEAT THE ARBITRATION CLAUSE BECAUSE THEY INSIST ON GOING TO
11 ARBITRATION?
12         MR. HALE: NO, HE DOESN'T. THIS IS A VEHICLE HE IS
13 USING TO -- THIS CASE IS A FULL, FRONTAL ASSAULT ON THE
14 ARBITRATION CLAUSE.
15         THE COURT: WHERE IS THE CASE OF CONTROVERSY HERE?
16         MR. HALE: THE CASE OF CONTROVERSY IS THAT THEY HAVE
17 ASKED -- WELL, LIKE I SAID, THEY TELL HIM HE HAS THE RIGHT TO
18 ARBITRATION, BUT BECAUSE THE ARBITRATION CLAUSE ITSELF SAYS THAT
19 MR. LEE MAY NOT BRING A CLAIM BEFORE THE ARBITRATOR WITH REGARD
20 TO WHETHER OR NOT THE CLAIM -- PARDON -- THE PROVISION IS
21 CONSUMMATE OR NOT, HE CAN'T GO TO ARBITRATION EVEN TO FIGHT THAT
22 OUT.
23         THE COURT: HAS HE HAD ANY DISPUTES WITH CAPITAL ONE?
24 HAS HE HAD A CLAIM AGAINST CAPITAL ONE THAT THEY HAVE CHARGED
25 THINGS TO HIS CREDIT CARD THAT ARE NOT HIS CHARGES AND THEY HAVE

```
 1  DECLINED TO REMOVE THEM, OR ANYTHING OF THAT NATURE?
 2          MR. HALE:  NO, YOUR HONOR.
 3          THE COURT:  WELL, WHAT ARE WE DOING, CREATING LAWSUITS?
 4  YOU FILED A WHOLE BUNCH OF THESE, I BELIEVE, AGAINST OTHER
 5  CREDIT CARD COMPANIES.
 6          MR. HALE:  THERE HAVE BEEN THREE FILED.
 7          THE COURT:  WHAT, ARE WE GENERATING ATTORNEY FEES?
 8          MR. HALE:  NO, YOUR HONOR.  IT'S ABOUT FORCING THE
 9  CREDIT CARD INDUSTRY SPECIFICALLY NOT PUTTING BANS OR
10  INJUNCTIONS ON THEIR ARBITRATION PROVISIONS BANNING CLASS
11  ACTIONS, BANNING CONSOLIDATION FORCING PEOPLE TO WANT TO GO TO
12  THE SUPREME COURT.
13          THE COURT:  WHY DON'T YOU WAIT UNTIL THERE A DISPUTE?
14  MANY OF US HOLD CREDIT CARDS FOR YEARS, AND A LOT OF PEOPLE HOLD
15  THEM FOR YEARS AND NEVER HAVE A DISPUTE WITH THEIR CREDIT CARD
16  COMPANY.  WE HAVE TO WORRY WHETHER WE'RE INVOKING AN ARBITRATION
17  CLAUSE OR WHETHER THE ARBITRATION CLAUSE IS VALID OR NOT OR
18  WHETHER WE SHOULD FILE IN COURT.  YOU'RE CREATING A DISPUTE
19  WHERE IT SEEMS THERE IS NONE.
20          MR. HALE:  WELL, THE CASE LAW AS PRESENTLY CONSTITUTED
21  SAYS HE HAS STANDING TO BRING THIS LAWSUIT.  HE DIDN'T GET WHAT
22  HE PAID FOR.
23          THE NINTH CIRCUIT, THE LOZANO CASE, SAID THAT.  THE
24  COURT IN THE CENTRAL DISTRICT IN THE DAGHLIAN CASE SAID THE SAME
25  THING.  THEY'RE SAYING THIS IS A WELL PLED COMPLAINT, AND THE
```

```
 1  COURT IS OBLIGATED TO TAKE IT AS SHE FINDS IT BASED ON THE LAW
 2  AND MOVE FORWARD FROM HERE AND GETS TO THE SUBSTANTIVE ISSUES
 3  HERE.
 4          THE COURT:  I'M ALSO -- DO YOU WANT TO SAY ANYTHING?  I
 5  AM JUST VERY TROUBLED BY THIS.  IT SEEMS LIKE THE CREATION OF A
 6  LAWSUIT FOR THE SAKE OF, I'M NOT SURE WHAT.
 7          MR. MC GUIRE:  WE ARE NOT SURPRISED THAT THERE IS NO
 8  DISPUTE BETWEEN THE PARTIES.  THERE WOULD BE AMPLE OPPORTUNITY
 9  TO CHALLENGE THE ARBITRATION CLAUSE IF THERE WERE A DISPUTE AND
10  SOMEBODY ATTEMPTED TO INVOKE THE ARBITRATION CLAUSE.  THAT'S
11  TYPICALLY THE WAY IT WORKS UNDER THE FEDERAL ARBITRATION ACT.
12  AND, AS YOUR HONOR MAY KNOW, JUDGE BREYER, LAST WEEK, IN THE
13  OTHER CASE THAT MR. LEE FILED, ONE OF THE OTHERS AGAINST
14  AMERICAN EXPRESS, JUDGE BREYER ISSUED A 10-PAGE ORDER, DISMISSED
15  THE CASE FOR LACK OF STANDING.  WE'RE RE-FILING THAT MOTION
16  TODAY AS SOON AS I LEAVE HERE, AND HAVE IT HEARD IN 35 DAYS.
17  BUT THAT'S WHAT --
18          THE COURT:  I THINK THAT MAY BE WHAT I HAVE TO DO.  I
19  THINK AT SOME POINT THIS COURT IS GOING TO LOOK AT RULE 11
20  SERIOUSLY AND SANCTION.  ON WHAT I SAW, THOSE CASES -- THEY'RE
21  NOT RELATED, BECAUSE EACH ONE OF THOSE COMPANIES IS A DIFFERENT
22  COMPANY, AND EACH ONE HAS TO BE DEALT WITH SEPARATELY.  I JUST
23  TRY TO FIGURE OUT WHERE IS THE -- YOU KNOW -- WE HAVE ENOUGH
24  REAL DISPUTES IN THIS SOCIETY AND DISPUTES FOR THIS COURT HERE
25  WITHOUT MANUFACTURING THEM, AND WHEN YOUR CLIENT HAS A
```

```
 1  LEGITIMATE DISPUTE WITH CAPITAL ONE AND HE EITHER WANTS TO USE
 2  ARBITRATION OR DOESN'T WANT TO USE IT, AND BELIEVES IT'S HIS
 3  RIGHT -- HIS RIGHTS ESSENTIALLY HAVE BEEN -- WELL, THAT UNDER
 4  THIS PARTICULAR AGREEMENT PE PS GOT AND AN AGREEMENT FOR AN
 5  ARBITRATION CLAUSE THAT IS INVALID, THEN THAT'S THE TIME TO
 6  RAISE IT, AND TO RAISE IT APPROPRIATELY, RATHER THAN JUST AROUND
 7  MANUFACTURING LAWSUITS.
 8          MR. HALE:  IF I MIGHT.  IF HE WERE TO RACE TO SEEK
 9  ARBITRATION AT THIS POINT, IT COULD BE SAID LATER HE WAIVED THAT
10  BY SEEKING ARBITRATION.  MAY BE A DIFFERENT THING IF THEY
11  ATTEMPTED TO INVOKE ARBITRATION AND HE WAS DRAGGED KICKING AND
12  SCREAMING THROUGH THE PROCEEDING.  THE COURT WAS SPLIT WHETHER
13  OR NOT THERE WAS WAIVER IF A PLAINTIFF WERE TO ASK FOR --
14          THE COURT:  BEFORE THERE AS DISPUTE IS NO TIME TO START
15  TRYING TO MANUFACTURE A LAWSUIT; AND THAT'S WHAT YOU'RE DOING,
16  IS MANUFACTURING A LAWSUIT.
17          MR. HALE:  I WOULD RESPECTFULLY DISAGREE.
18          THE COURT:  APPARENTLY JUDGE BREYER HAD THE SAME
19  NOTION.
20          MR. HALE:  JUDGMENT DECISION.  HE HASN'T FORMED THE
21  MANDATES OF THE U.S. SUPREME COURT NOR EN BANC DECISION OF THE
22  NINTH CIRCUIT IN NAGRAMPA.  THEY SAID WHERE THERE IS AN ISSUE
23  INVOLVING THE CONSTITUTIONALITY OF THE ARBITRATION CLAUSE, ONLY
24  THE COURT MAY DECIDE THAT ISSUE.
25          THE COURT:  THAT MAY BE, BUT THAT COMES UP IN THE
```

```
 1  CONTEXT OF A REAL DISPUTE, AND NOT IN THE CONTEXT OF A
 2  MANUFACTURED ONE.  SO I GUESS IF YOU ARE GOING TO PROCEED ON
 3  THIS, YOU PROCEED AT YOUR OWN PERIL.  I AM ADVISING YOU OF THAT
 4  RIGHT NOW.  YOU MAKE YOUR MOTION AND WE'LL DEAL WITH THIS AT
 5  THAT TIME.
 6          MR. HALE:  THANK.
 7          THE COURT:  YOUR RESPONSE BETTER BE A GOOD ONE.
 8          I DON'T THINK WE NEED TO DEAL WITH ANYTHING ELSE.
 9  WE'LL JUST DEAL WITH THE MOTION TO DISMISS, BUT I'M VERY
10  DISTURBED THAT THIS KIND OF LAWSUIT IS PROLIFERATING AROUND THE
11  COURTHOUSE HERE, AND I DON'T KNOW HOW MANY OTHERS YOU'RE
12  BRINGING AROUND THE COUNTRY, BUT THEY CATCH UP WITH YOU AFTER A
13  WHILE.
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1
 2
 3
 4
 5
 6
 7
 8
 9       I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT
10  TRANSCRIPT OF THE PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER.
11
12
13
14
15
16
17
18      [signature]
19  JUANITA GONZALEZ
20  CSR NO. 3003
21
22
23
24
25
```

