1

Matthew S. Hale, Esq.
HALE & ASSOCIATES
Calif. State Bar No. 136690
45 Rivermont Drive
Newport News, VA 23601

Mailing Address:
P.O. Box 1951
Newport News, VA 23601

Telephone No. (757) 596-1143
E-Mail: matthale@verizon.net

Attorney for Plaintiffs, DAVID J. LEE and
DANIEL R. LLOYD

2

3

4

5

6

7

8

9

10

## UNITED STATES DISTRICT COURT

11

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13

DAVID J. LEE and DANIEL R. LLOYD,
as individuals and, on behalf of others
similarly situated,

        Plaintiffs,

  vs.

CHASE MANHATTAN BANK U.S.A.,
N.A., a Delaware corporation, CHASE
MANHATTAN BANK U.S.A., N.A. d.b.a.
CHASE BANK U.S.A., N.A., JPMORGAN
CHASE & CO., a Delaware corporation;
and DOES 1, through 100, inclusive,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: C 07-4732 MJJ

PLAINTIFFS' OBJECTION AND
STATEMENT IN RESPONSE TO
DEFENDANTS' STATEMENT OF
RECENT DECISION IN SUPPORT OF
MOTION TO DISMISS

DATE:  January 29, 2008
TIME:  9:30 a.m.
CTRM: 11
       19th Floor
       450 Golden Gate Ave.
       San Francisco, Ca. 94102

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

David Lee, et al. vs. Chase Manhattan Bank U.S.A., N.A., et al.
Plaintiffs' Objection And Statement In Response To Defendants' Statement of Recent Decision

# TABLE OF CONTENTS

Page[s]

I.    Objection And Introduction …………………………………….................. 1

II.   **American Express** Was Wrongly Decided: The Plaintiffs Have Suffered A
      Redressible Injury Caused By Chase's Practice …………………………................. 2

      1.    Not Receiving The Full Value Of The Cardmember Agreement And
            Thereby Not Receiving That For Which One Paid – In This Instance,
            An Enforceable Right To Mandatory Arbitration -- Is An Injury In Fact .... 5

      2.    Arbitration Is Not A Prerequisite For Plaintiff's Standing …………..……… 9

      3.    The Violation Of Plaintiffs' California Statutory Right To Not Have
            Unconscionable Terms Inserted In Their Contracts Provides An
            Independent Injury And Source Of Standing ………………………..…….. 15

i

# **TABLE OF AUTHORITIES**

## **Cases**

Appliance Distributors, Inc. v. Mercury Electric Corp., 202 F.2d 651 (10th Cir. 1953)................. 6

Benson v. Kwikset Corp., 152 Cal.App.4th 1254, 62 Cal.Rptr.3d 284 (2007) ............................. 6

Bertero v. Superior Court, 216 Cal. App. 2d 213, 230 Cal. Rptr. 719 (1963)............................ 14

Broughton v. Cigna Healthplans, 21 Cal.4th 1066, 90 Cal.Rptr.2d 334, 988 P.2d 334 (1999)....... 3

Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 126 S. Ct. 1204, 163 L. Ed. 2d 1038

  (2006) ...................................................................................... 5, 10, 13, 15

C.W. Anderson Hosiety Co. v. Dixie Knitting Mills, 204 F.2d 503 (4th Cir. 1953)...................... 6

California Grocer's Assn v. Bank of America, 22 Cal.App.4th 205, 27 Cal.Rptr.2d 396 (1994). 16

Cantrell v. City of Long Beach, 241 F.3d 674 (9th Cir. 2001)................................... 5, 16

Chamberlain v. Ford Motor Co., 369 F.Supp.2d 1138 (N.D.Cal. 2005) ...................................... 6

Cole v. Doe, 387 F.Supp.2d 1084 (N.D. Cal. 2005)...................................................... 17

Colgan v. Leatherman Tool Group, Inc., 135 Cal.App.4th 663, 38 Cal.Rptr.3d 38 (2006) ........... 6

Comb v. PayPal, Inc., 218 F.Supp.2d 1165 (N.D.Cal. 2002) ......................................... 3

Cruz v. PacificCare Health Systems, Inc., 30 Cal.4th 303, 133 Cal.Rptr.2d 58, 66 P.3d 1157

  (2003) ............................................................................................. 3

Davis v. O'Melveny & Meyers, 485 F.3d 1066 (9th Cir. 2007)........................................... 3

Diamond v. Chakrabarty, 447 U.S. 303, 100 S.Ct. 2204, 65 L.Ed.2d 1416 (1980) ...................... 8

Discover Bank v. Superior Court, 36 Cal. 4th 148, 30 Cal. Rptr. 3d 76 (2005)........................... 9

EBay, Inc. v. Bidder's Edge, 100 F.Supp.2d 1058 (N.D. Cal. 2000) ................................... 7

El Camino Community College Dist. v. Superior Court, 173 Cal.App.3d 606 (1985) ................. 8

Elder v. Holloway, 975 F.2d 1388 (9th Cir. 1991) .................................................... 3

Fairfield-Noble Corp. v. Pressman-Gutman Co., 475 F.Supp.2d 899 (S.D.N.Y. 1970) ............... 8

Falk v. General Motors Corp., 496 F.Supp.2d 1088 (N.D.Cal. 2007)........................................ 6

First National Bank v. Pomono Tile Mfg. Co., 82 Cal.App.2d 592, 186 P.2d 693 (1947) ............ 4

**David Lee, et al. vs. Chase Manhattan Bank U.S.A., N.A., et al.**
**Plaintiffs' Objection And Statement In Response To Defendants' Statement of Recent Decision**

First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) ....................................................................................................................................... 12

FMC v. Boesky, 852 F.2d 981 (1987) ...................................................................... 16

Freeman v. Mattress Gallery, 2007 Cal.App.Unpub. 9102 (November 8, 2007)........................ 17

Gentry v. Superior Court, 42 Cal.4th 443, 64 Cal.Rptr.3d 773, 165 P.3d 556 (2007) ................... 3

George Day Construction Co. v. Carpenters Local 354, 722 F.2d 1471 (9th Cir. 1984) ............. 14

H.S.Crocker Co. v. McFaddin, 148 Cal.App.2d 639, 307 P.2d 429 (1957) ................................. 9

Hood v. Bekins Van & Storage Co., 178 Cal. 150, 172 P. 594 (1918) ........................................ 8

Hunter v. GMC, 2007 Cap.App.Unpub. 9252 (November 19, 2007) ........................................ 6

Ingle v. Circuit City Stores, Inc., 328 F.3d 1165 (9th Cir. 2003) ................................................ 3

Kagan v. Gibraltar Savings & Loan Ass'n, 35 Cal.3d 582, 200 Cal.Rptr. 38, 676 P.2d 1060 (1984)................................................................................................................. 5, 15, 17

Kahn v. Lischner, 128 Cal.App.2d 480, 275 P.2d 539 (1954)..................................................... 9

Kuhl v. Mott, 120 Cal. 668, 53 P. 304 (1898) ...................................................................... 13

Lee v. American Express Travel Related Services Company, Inc., Case No. CV-07-4765 (CRB)(N.D. Cal. December 6, 2007) ........................................................................ passim

Lozano v. AT&T Wireless Services, 504 F.3d 718 (9th Cir. 2007)........................................ 5, 6

Magnolia Motor & Logging Co. v. United States, 264 F.2d 950 (9th Cir. 1959) .......................... 3

Metropolitan Water Dist. v. Superior Court, 22 Cal.4th 491, 9 Cal.Rptr.3d 857, 84 P.3d 966 (2004)....................................................................................................................... 7

Miles, Inc. v. Scripps Clinic & Research Found., 810 F.Supp. 1051 (S.D.Cal. 1993).................. 8

Nagrampa v. Mailcoups, Inc., 469 F.3d 1257 (9th Cir. 2006).................................................. passim

Ortiz Sandoval v. Gomez, 81 F.3d 891 (9th 1996) ...................................................... 17

Oyster Software, Inc. v. Focus Processing, Inc., 2001 U.S.Dist.LEXIS 22520 (N.D.Cal. December 6, 2001)...................................................................................................... 7

PowerAgent v. Electronic Data Systems, 358 F.3d 1187 (9th Cir. 2004) ..................................... 14

Reveles v. Toyota By The Bay, 57 Cal.App.4th 1139, 67 Cal.Rptr.2d 543 (1997) ........................ 6

Richards v. Owens-Illinois, 14 Cal.4th 985 (1997) ................................................................ 7

**David Lee, et al. vs. Chase Manhattan Bank U.S.A., N.A., et al.**
Plaintiffs' Objection And Statement In Response To Defendants' Statement of Recent Decision

Scherk v. Alberto-Culver Company, 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed. 270 (1974).............. 9

Shroyer v. New Cingular Wireless Services, Inc., 498 F.3d 976 (9th Cir. 2007)....................... 3, 9

Snow v. Ford Motor Co., 561 F.2d 787 (9th Cir. 1977) ................................................................... 6

St. Agnes Medical Center v. PacifiCare of California, 31 Cal.4th 1187, 8 Cal. Rptr. 3d 517, 82

P.3d 727 (2003).......................................................................................................................... 14

Starbuck v. City & County of San Francisco, 556  F.2d 450 (9th Cir. 1977)................................. 1

Supak & Sons Mfg. v. Pervel Industries, Inc., 593 F.2d 135 (4th Cir. 1979)................................. 8

Szetela v. Discover Bank, 97 Cal.App.4[th] 1094, 118 Cal.Rptr.2d 862 (2002) ............................. 9

Thrifty Tel, Inc. v. Brzenck, 46 Cal.App.4[th] 1559, 54 Cal.Rptr.2d 468 (1996)............................ 7

Ting v. AT&T, 319 F.3d 1126 (9th Cir. 2003) .............................................................................. 3

Triple G Landfills, Inc. v. Board of Commissioners, 977 F.2d 287 (7th Cir. 1992) .................... 15

United States v. Arona, 860 F.Supp. 1091 (D.Md. 1994)............................................................... 8

Universal Pictures Co. v. Harold Lloyd Corp., 162 F.2d 354 (1947)............................................ 8

Vallens v. Tillman, 103 Cal. 187, 37 P. 213 (1894) ....................................................................... 6

Vestar Dev. II, LLC v. Gen. Dynamics Corp., 249 F3d 958 (9th Cir. 2001) .............................. 17

Willingham v. Hooven, Owens, Rentschler & Co., 74 Ga. 233  (1894) ........................................ 6

**Statutes**

12 U.S.C. § 1 et seq............................................................................................................................ 9

Cal. Civ. Code § 1670.5.................................................................................................................. 4, 16

Cal. Civ. Code § 1770(a)(19)........................................................................................................... 4, 15

California Bus. & Prof. Code §§ 17200 et seq. ......................................................................... passim

California Civil Code § 1670.5 ...................................................................................................... 5, 15

California Civil Code § 1750 et seq................................................................................................ passim

**Other Authorities**

United States Constitution, Article III .......................................................................................... passim

**Rules**

Fed.R.Ev. 701 ................................................................................................................................... 8

**David Lee, et al. vs. Chase Manhattan Bank U.S.A., N.A., et al.**
**Plaintiffs' Objection And Statement In Response To Defendants' Statement of Recent Decision**

Local Rule 7-2(d) .............................................................................................................. 1

**David Lee, et al. vs. Chase Manhattan Bank U.S.A., N.A., et al.**
**Plaintiffs' Objection And Statement In Response To Defendants' Statement of Recent Decision**

## I.    Objection and Introduction

Pursuant to Civil Local Rule 7-2(d), Chase[1] has advised the Court of the recent decision in Lee v. American Express Travel Related Services Company, Inc., Case No. CV-07-4765 (CRB)(N.D. Cal. December 6, 2007) ("American Express").  However and improperly, Chase discussed that opinion and its purported application to this action even though that violated Local Rule 7-2(d):  i.e., that this Court should, like American Express, find that Plaintiffs have no standing because they suffered no palpable injury cognizable under Article III's requirement for a case or controversy by not getting the enforceable right to mandatory arbitration, and, in any event, because they had not arbitrated or sought to arbitrate their dispute with the card issuer.[2]  Although it is not specifically authorized by Local Rule 7-2(d), Plaintiffs herein object to Chases' Statement.  Further, due process considerations mandate that Plaintiffs be allowed to object and respond to Chase's Statement since American Express was wrongly decided and, in fact, its rationale and reasons when measured against controlling Supreme Court, Ninth Circuit, and California precedents (which it mostly ignored or misapplied) provide an apt platform from which this Court can and should determine that Plaintiffs here do have standing.

---

[1]    Unless otherwise referred to, Defendants Chase Manhattan Bank, U.S.A., N.A., Chase Manhattan Bank d.b.a. Chase Bank U.S.A., N.A., and JPMorgan Chase & Co. are collectively referred to as "Chase."

[2]    It bears noting that American Express has no stare decisis value and this Court is not bound by its ruling, rationale, or conclusions.  See, e.g., Starbuck v. City & County of San Francisco, 556  F.2d 450, 457 n. 13 (9th Cir. 1977).

David Lee, et al. vs. Chase Manhattan Bank U.S.A., N.A., et al.
Plaintiffs' Objection And Statement In Response To Defendants' Statement of Recent Decision

## II.    American Express Was Wrongly Decided: The Plaintiffs Have Suffered A Redressible Injury Caused By Chase's Practices

Here, as was similarly alleged in the American Express Complaint, the injury of each Plaintiff consists, at a minimum, of the following: (1) Plaintiff, in obtaining his credit card under the card issuer's adhesive contract,[3] also obtained the contractual right to mandatory arbitration of claims[4] he had against the card issuer when he paid his annual fee for the card[5] but, (2) because the card issuer made its adhesive arbitration provision patently unconscionable and

---

[3]    Plaintiffs have requested the Court take judicial notice of the Complaint filed in the American Express action.

[4]    It most assuredly is not, as Judge Breyer, stated during the hearing on the Motion to Dismiss, that Plaintiffs obtained the American Express card in order to obtain an arbitration provision (although Plaintiffs, as practical businessmen, recognize the value of arbitration and attempt to have that right included in their business contracts, albeit in a provision that is not unconscionable and, resultantly, unenforceable and illegal): "… I hadn't thought that people go to credit card companies or buy anything because it has an arbitration clause in it, but I guess you did, or your clients do."  November 30, 2007 Transcript, 5:22-6:6.  (Plaintiffs have concurrently requested that the Court take judicial notice of that transcript.)  That is a strange statement in view of the pled fact that it one cannot obtain a credit card that is not subject to a similar unconscionable arbitration provision,[Chase Complaint, ¶ 39; American Express Complaint, ¶ 55], and that Plaintiffs, as experienced businessmen appreciate the value of an enforceable, conscionable arbitration provision.

[5]    The Chase customer agreement – while vesting almost unlimited and certainly one-sided contractual rights in Chase -- vests two contractual rights in cardholders:  (1) the card holder may use the card to charge items (and thus may receive the "convenience service" for which, in part, his annual fee pays, see Complaint, ¶ 19),  as long as he timely pays his monthly bill and does not exceed the card's charge limit; and, (2) the cardholder has the vested contractual right to invoke mandatory arbitration against Chase relative to certain "claims" that are carefully delineated in the Arbitration Provision including those "**arising from or relating in any way to the Cardmember Agreement, any prior Cardmember Agreement … based on law, statute, contract, … or** any other legal or equitable ground … **include[ing] Claims regarding the applicability of this Arbitration Agreement or the validity of the entire Cardmember Agreement or any prior Cardmember Agreement."**  Chase Complaint, ¶ 48 (Ex. 14)(emphasis supplied).

---

**David Lee, et al. vs. Chase Manhattan Bank U.S.A., N.A., et al.**
**Plaintiffs' Objection And Statement In Response To Defendants' Statement of Recent Decision**

unenforceable (and thereby illegal),[6] (3) Plaintiff did not receive the enforceable contractual

right to mandatory arbitration for which he paid[7] and, (4) is thus unable to arbitrate what would

otherwise be arbitrable claims he has against the card issuer (such as Plaintiffs' fraud claim and

claim that certain non-arbitration provision terms of the customer agreement are unconscionable

and violate California Bus. & Prof. Code §§ 17200 et seq. (hereafter the "UCL") and California

Civil Code § 1750 et seq. (hereafter the "CLRA").  In addition to the specifically alleged fact

that the right to mandatory arbitration has a pecuniary value, [Chase Complaint, ¶¶ 2, 34, 36;

American Express Complaint, ¶¶ 2, 48, 50, 52], basic contract law principles establish that their

---

[6]    That the Arbitration Provision is unconscionable approaches, and actually reaches, the status of a "legal fact."  The concept of "legal fact" is particularly apt in the context of unconscionability which involves only purely questions of law since a "legal fact" is "a legal conclusion."  Magnolia Motor & Logging Co. v. United States, 264 F.2d 950, 952 (9th Cir. 1959); Elder v. Holloway, 975 F.2d 1388, 1394 (9th Cir. 1991) (describing what types of matters are legal facts).  Applied here, it is a "legal fact" that the Arbitration Provision's class action ban is unconscionable/unenforceable/illegal pursuant to, inter alia, Gentry v. Superior Court, 42 Cal.4th 443, 64 Cal.Rptr.3d 773, 165 P.3d 556 (2007); Discover Bank v. Superior Court, 36 Cal.App.4th 148, 40 Cal.Rtpr.3d 76 (2005); Shroyer v. New Cingular Wireless Services, Inc., 498 F.3d 976 (9th Cir. 2007) (adopting Discover Bank); Ting v. AT&T, 319 F.3d 1126, 1150 (9th Cir. 2003); Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1176 (9th Cir. 2003).  So too is its no consolidation of claims ban pursuant to, inter alia, Ingle v. Circuit City Stores, Inc., supra; Gentry v. Superior Court, supra; Szetla v. Discover Bank, 97 Cal.App.4th 1094, 118 Cal.Rptr. 862 (2002);  Comb v. PayPal, Inc., 218 F.Supp.2d 1165, 175 (N.D.Cal. 2002).  That same conclusion obtains relative to the injunction ban term of the Arbitration Provision pursuant to Broughton v. Cigna Healthplans, 21 Cal.4th 1066, 90 Cal.Rptr.2d 334, 988 P.2d 334 (1999); and, Cruz v. PacifiCare Health Systems, Inc., 30 Cal.4th 303, 133 Cal.Rptr.2d 58, 66 P.3d 1157 (2003).  Accord  Davis v. O'Melveny & Meyers, 485 F.3d 1066, 1080 (9th Cir. 2007); Nagrampa v. Mailcoups, Inc.,469 F.3d 1257, 1289-1293 (9th Cir. 2006).  See Chase Complaint, ¶ 55; American Express Complaint, ¶ 71.

[7]    In this context, any argument that Plaintiffs have no injury since they received exactly what was promised them and for which they paid – a credit card with an arbitration provision containing unconscionable terms – lacks merit.  Otherwise the concept of unconscionability and, indeed, California's consumer protection laws would have no meaning or application in any context.  This is due to the unexceptionable, principle that a party cannot, as a matter of law, agree to and be bound by unconscionable contract terms since they are illegal.  See, post at n. 20.

David Lee, et al. vs. Chase Manhattan Bank U.S.A., N.A., et al.
Plaintiffs' Objection And Statement In Response To Defendants' Statement of Recent Decision

respective annual fees were paid, at least in part, as monetary consideration for the contractual right to mandatory arbitration which was "lost" as a result of the Arbitration Provision's unconscionability. See, e.g., First National Bank v. Pomono Tile Mfg. Co., 82 Cal.App.2d 592, 603-04, 186 P.2d 693 (1947) ("[o]ne consideration may support the several promises of one end of the bargain"). Of course, central to American Express' reasoning was its apparent belief that Plaintiffs paid nothing for the contractual right and, in any event, no value attaches to it so that there could be no "loss of money." That belief, as discussed below, post at 9-10, ignores centuries old contract law, controlling precedents, and, frankly, common sense.

This case, as did American Express, presents three straightforward and unremarkable questions that when answered based upon controlling precedent consistent with the standards for adjudging motions to dismiss result in Plaintiffs having standing to maintain this action:

> 1.    Is not getting that for which one paid -- in this instance, an enforceable contractual right to mandatory arbitration contained in the card issuer's card member agreement for which Plaintiffs paid an annual fee because the card issuer included unconscionable terms in it – an injury sufficient to establish standing under Art. III, the CLRA and/or the UCL?

> 2.    Do Plaintiffs as card holders challenging the unconscionability of the terms of the card issuer's arbitration agreement and cardmember agreement, respectively, including whether a violation of the CLRA and/or UCL has resulted (but without seeking to rescind the cardmember agreement) have to first seek to or actually participate in an arbitration of those matters in order to have standing under Art. III, the UCL, and/or the CLRA? And,

> 3.    Does the violation of the statutory right given to California consumers by the CLRA to not have unconscionable terms inserted in their contracts pursuant to Cal. Civ. Code § 1770(a)(19), and of the same right for California residents pursuant to Cal. Civ. Code § 1670.5, respectively, provide Plaintiff with standing under Art. III, the CLRA and/or UCL?

In a nutshell and awaiting greater explication below, American Express answered "no" to the first two issues and ignored the third, which resulted in a finding of no standing. However, as to the first question, it is settled well-settled that, regardless of the nature of the thing involved, not

David Lee, et al. vs. Chase Manhattan Bank U.S.A., N.A., et al.
Plaintiffs' Objection And Statement In Response To Defendants' Statement of Recent Decision

getting that for which one paid does constitute an "injury" in fact.  See, e.g., Lozano v. AT&T Wireless Services, 504 F.3d 718, 734 (9th Cir. 2007)(an injury occurred when the plaintiff "did not receive the full value of his contract" by not receiving all of his "any time" cell phone minutes).  As to the second question, even though it was affirmatively answered in the express terms of the American Express Arbitration Provision (that excluded Plaintiffs' claims from its definition of arbitratable claims) and, more importantly, in Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 126 S. Ct. 1204, 1209, 163 L. Ed. 2d 1038 (2006)("Buckeye"), and Nagrampa v. Mailcoups, Inc., 469 F.3d 1257, 1263 (9th Cir. 2006)(en banc)("Nagrampa"), respectively, which mandate that Plaintiffs' claims be decided by a court rather than an arbitrator.  While American Express ignored the third question, it has been affirmatively answered in Cantrell v. City of Long Beach, 241 F.3d 674, 684 (9th Cir. 2001)("the violation of a state-created legal right can, in itself, satisfy the injury in fact requirement for standing under Art. III"), in conjunction with the California Supreme Court's opinion in Kagan v. Gibraltar Savings & Loan Ass'n,  35 Cal.3d 582, 592, 200 Cal.Rptr. 38, 676 P.2d 1060 (1984)("**We thus reject [the] effort to equate pecuniary loss with the statutory requirement that consumers 'suffer any damage.' As it is unlawful to engage in any of the deceptive business practices enumerated in section 1770, consumers have a corresponding legal right not to be subjected thereto"**), and the express provisions of Civil Code § 1670.5 (in conjunction with the UCL).

> **2.    Not Receiving The Full Value Of The Cardmember Agreement And Thereby Not Receiving That For Which One Paid – In This Instance, An Enforceable Right To Mandatory Arbitration -- Is An Injury In Fact**

Until American Express, it has long been the law that a person suffers an injury supporting, inter alia, standing under Art. III and the UCL when he does "not receive the full

5

value of his contract," [Lozano v. AT&T, supra, 540 F.3d at 734], or otherwise does not get that for which he paid, or, for that matter, gets something that is unfit for the purpose. That rule is equally applicable regardless of whether the reason for not receiving "full value" sounds in deception, misrepresentation, or the simple delivery of non-conforming or inferior quality things. It is, for instance, too well settled to require elaboration that one suffers an injury-in-fact when one receives non-conforming or inferior quality goods (and, certainly, Plaintiffs' unenforceable arbitration provision is a direct analog to these).[8] So too is it applicable when one receives less than what was paid for (such as Lozano's "any time" cell phone minutes). Similarly, an injury sufficient for standing under Art. III (as well as the CLRA and UCL) exists when one receives something which is different from that which was paid for, a situation that often arises because of the deception or defect (including such "defects" as unconscionable terms in an arbitraton provision).[9]   Indeed, as a cornerstone to contract and/or consumer

---

[8]    See, e.g., Vallens v. Tillman, 103 Cal. 187, 37 P. 213 (1894)(failure to supply satisfactory cigars); C.W. Anderson Hosiety Co. v. Dixie Knitting Mills, 204 F.2d 503 (4th Cir. 1953) (unfinished nylon defective); Appliance Distributors, Inc. v. Mercury Electric Corp., 202 F.2d 651 (10th Cir. 1953)(awning fans defective and non-conforming); Willingham v. Hooven, Owens, Rentschler & Co., 74 Ga. 233, 249-50 (1894)(mill unfit for purpose for which purchased in that quality inferior to that contracted for).

[9]    See, e.g., Chamberlain v. Ford Motor Co., 369 F.Supp.2d 1138 (N.D.Cal. 2005)(CLRA/UCL violation when defective engine intake manifold not what was purchased); Falk v. General Motors Corp., 496 F.Supp.2d 1088 (N.D.Cal. 2007) (CLRA/UCL violation due to defective speedometers in GM trucks); Snow v. Ford Motor Co., 561 F.2d 787 (9th Cir. 1977)(CLRA violation due to incomplete trailer equipment); Hunter v. GMC, 2007 Cap.App.Unpub. 9252 (November 19, 2007)(violation of UCL due to purchasing an automobile with defective brakes rather than non-defective brakes even though no car crash as a result of defect); Colgan v. Leatherman Tool Group, Inc., 135 Cal.App.4th 663, 38 Cal.Rptr.3d 38 (2006)(CLRA violation because an American made hammer was purchased that was made in China); Benson v. Kwikset Corp., 152 Cal.App.4th 1254, 62 Cal.Rptr.3d 284 (2007)(CLRA violation because lockset made in China rather than in U.S.); Reveles v. Toyota By The Bay, 57 Cal.App.4th 1139, 67 Cal.Rptr.2d 543 (1997)(CLRA/UCL violation arising from damaged and hazardous used car purchased rather than one fit for use), overruled on other grounds,

**David Lee, et al. vs. Chase Manhattan Bank U.S.A., N.A., et al.**
**Plaintiffs' Objection And Statement In Response To Defendants' Statement of Recent Decision**

protection precedents, that rule is equally applicable regardless of the nature of the affected personal property.

Looked at from a different viewpoint, <u>American Express</u> was also wrongly decided because it absolutely refused to recognize Plaintiffs' injury as constituting a distinct and palpable injury that is legally cognizable under Article III's case or controversy requirement.  In refusing to do so, the <u>American Express</u> court fell far short of meeting the spirit and genius of the law embodied in the evolving rules of decision developed by the courts in exercise of their power to adopt the law to new situations, including identifying previously judicially unrecognized injuries as sufficient to maintain a lawsuit in the federal courts.[10]  The manifest changes in the law relating unconscionability to arbitration provisions in California and the Ninth Circuit certainly present "new situations" which the law must "fill in."   Other notable examples of this, and there are many, are the revivification and extension of long standing legal principles pertaining to the tort of trespass of chattels that has led to the judicial recognition of actionable Internet abuse injuries,[11] and the recognition of "conversion" injuries to stem cells.[12]

---

[10]    Even in these times of judicial activism backlash and New Textualism, both the Federal and California courts recognize that the hallmark of American jurisprudence is the constant adaptation of settled principles to previously unrecognized injuries.  <u>See</u>, <u>e.g.</u>, <u>Metropolitan Water Dist. v. Superior Court</u>, 22 Cal.4[th] 491, 515, 9 Cal.Rptr.3d 857, 84 P.3d 966 (2004)("common law as an organic element of the law intended to adapt itself to new circumstances");   <u>Richards v. Owens-Illinois</u>, 14 Cal.4[th] 985, 993 (1997)(recognizing the evolution of tortious injuries).

[11]    <u>See</u>, <u>e.g.</u>, <u>Thrifty Tel, Inc. v. Brzenck</u>, 46 Cal.App.4[th] 1559, 54 Cal.Rptr.2d 468 (1996)(extending trespass to chattels injury to teenagers hacking into the equipment of a long distance telephone provider);  <u>Oyster Software, Inc. v. Focus Processing, Inc.</u>, 2001 U.S.Dist.LEXIS 22520 (N.D.Cal. December 6, 2001)(extending trespass to chattels to recognize an injury caused by appropriation of trademarked words on internet website);  <u>EBay, Inc. v. Bidder's Edge</u>, 100 F.Supp.2d 1058 (N.D. Cal. 2000)(recognizing under trespass to chattels principles an injury arising from accessing a computer system).

<u>David Lee, et al. vs. Chase Manhattan Bank U.S.A., N.A., et al</u>.
**Plaintiffs' Objection And Statement In Response To Defendants' Statement of Recent Decision**

The inclusion of a mandatory right to arbitration fits neatly in to the universe of those things from which an injury may arise that provides standing when a contracting party does not get that for which he paid discussed above.

Further the "injury" relates to something for which money was paid. As previosly noted, it appears that <u>American Express</u> was animated primarily by the belief that Plaintiffs had not paid money for the Arbitration Provision which could be "lost." That belief is unsupported by the law and alleged facts. As previously noted, the Complaint specifically alleges that an enforceable right to mandatory arbitration has a pecuniary value. Chase Complaint, ¶¶ 2, 34, 36; American Express Complaint, ¶¶ 2, 48, 50, 52. While Plaintiffs have not yet disclosed the right's exact monetary value, their view that it has a monetary value must be honored. <u>See</u>, <u>e.g.</u>, <u>Hood v. Bekins Van & Storage Co.</u>, 178 Cal. 150, 172 P. 594 (1918)(quoting Wigmore on Evidence, "The owner of an article, whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth…"); Fed.R.Ev. 701; <u>Universal Pictures Co. v. Harold Lloyd Corp.</u>, 162 F.2d 354 (1947)(owner is competent to give his opinion as to the value of his property). Indeed, that the right has value reflects the Arbitration Provision's status, as a matter of law, as a "material" term of the contract.[13] Further, it is wel-settled that the annual fee

---

[12]     <u>See</u>, <u>e.g.</u>, <u>Miles, Inc. v. Scripps Clinic & Research Found.</u>, 810 F.Supp. 1051 (S.D.Cal. 1993)(extending conversion to stem cell lines by recognition that commercialization of cell line may be an injury); <u>United States v. Arona</u>, 860 F.Supp. 1091, 1099 (D.Md. 1994)(extending conversion to cell lines by finding them to be personal property subject to injury); <u>Diamond v. Chakrabarty</u>, 447 U.S. 303, 100 S.Ct. 2204, 65 L.Ed.2d 1416 (1980)(extending patent law protection to genetically engineered organisms which thus allowed recognition of injury).

[13]     <u>See</u>, <u>e.g.</u>, <u>El Camino Community College Dist. v. Superior Court</u>, 173 Cal.App.3d 606, 617 (1985); <u>Fairfield-Noble Corp. v. Pressman-Gutman Co.</u>, 475 F.Supp.2d 899 (S.D.N.Y. 1970)(using UCC 2-207); <u>Supak & Sons Mfg. v. Pervel Industries, Inc.</u>, 593 F.2d 135, 136 (4th Cir. 1979).

**David Lee, et al. vs. Chase Manhattan Bank U.S.A., N.A., et al.**
Plaintiffs' Objection And Statement In Response To Defendants' Statement of Recent Decision

paid by Plaintiffs -- $60.00 for the Chase card, $30.00 for Lee's American Express card, $450.00 for Lloyd's American Express card – serves as consideration for all promises made in the agreement, including the right to mandatory arbitration.  See H.S.Crocker Co. v. McFaddin, 148 Cal.App.2d 639, 645, 307 P.2d 429 (1957)("A single consideration may support several counterpromises made by the other party to a transaction");  Kahn v. Lischner, 128 Cal.App.2d 480, 487, 275 P.2d 539 (1954)(same).   That the right to mandatory arbitration was not negotiated due to the presence of an adhesive contract does not affect that fact.  It cannot thus be correctly assumed or concluded that Plaintiffs did not "pay" for the right to mandatory arbitration and "lost" a part of the "payment" as a result of its unconscionability and unenforceability.[14]

---

[14]     Viewed from another perspective, the right to mandatory arbitration has a distinct monetary value to both the card issuers and the Courts.  The most obvious value to the issuer is the money saved in litigation costs and monies earned by card holders not making claims, both of which were perversely recognized in Szetela v. Discover Bank, 97 Cal.App.4th 1094, 118 Cal.Rptr.2d 862 (2002):

> "**The clause … serves as a disincentive for Discover to avoid the type of conduct that might lead to a class action litigation in the first place.  By imposing this clause on its customers, Discover has essentially granted itself a license to push the boundaries of good business practices to their furthest limits, fully aware that relatively few, if any, customers will seek legal remedies, and that any remedies obtained will only pertain to that single customer without collateral estoppel effect.** … "

97 Cal.App.4th at 1101 (emphasis added).  The California Supreme Court agreed in Discover Bank v. Superior Court, 36 Cal. 4th 148, 159, 30 Cal. Rptr. 3d 76 (2005), as did the Ninth Circuit in Shroyer v. New Cingular Wireless Services, Inc., supra.  That mandatory arbitration has great value is also an underlying principle of the Federal Arbitration Act, 12 U.S.C. § 1 et seq. (hereafter "FAA"), and the court's policy of compelling such arbitration whenever allowed by law.  See, e.g., Scherk v. Alberto-Culver Company, 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed. 270 (1974)("the [FAA] was designed to allow parties to avoid the costliness and delays of litigation").

**David Lee, et al. vs. Chase Manhattan Bank U.S.A., N.A., et al.**
**Plaintiffs' Objection And Statement In Response To Defendants' Statement of Recent Decision**

## 2.      Arbitration Is Not A Prerequisite For Plaintiff's Standing

American Express's holding that Plaintiffs' injury is hypothetical and "unripe" because they have neither sought to nor actually engaged in arbitration of their claims is simply wrong as a matter of contract and of fact. Buckeye and Nagrampa, respectively, conclusively hold that Plaintiffs' claims – the crux of which is a challenge to the arbitration provision's unconscionability – are not arbitratable at all:

> "**[W]hen the crux of the complaint challenges the validity or enforceability of the agreement containing the arbitration provision, then the question of whether the agreement, as a whole, is unconscionable must be referred to the arbitrator.** *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 126 S. Ct. 1204, 1209, 163 L. Ed. 2d 1038 (2006);… **When the crux of the complaint is not the invalidity of the contract as a whole, but rather the arbitration provision itself, then the federal courts must decide whether the arbitration provision is invalid and unenforceable…**" ….

> "In *Buckeye*, the United States Supreme Court recognized that challenges to arbitration agreements fall into two categories: (1) **those "challeng[ing] specifically the validity of the agreement to arbitrate;" and (2) those "challeng[ing] the contract as a whole, either on a ground that directly affects the entire agreement (***e.g.***, the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid.**" 126 S. Ct. at 1208. **The Court held that "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance."** *Id.* at 1209. The complaint in *Buckeye*, unlike Nagrampa's complaint, did not contain claims that the arbitration provision alone was void and unenforceable, but rather alleged that the arbitration provision was unenforceable because it was contained in an illegal usurious , contract which was void *ab initio*. *Id.* at 1208. [¶] **While Nagrampa argues that the arbitration provision is procedurally unconscionable because it is contained in a contract of adhesion, nowhere in her complaint does she seek rescission or invalidation of the entire contract based on it being a contract of adhesion.**"

**David Lee, et al. vs. Chase Manhattan Bank U.S.A., N.A., et al.**
**Plaintiffs' Objection And Statement In Response To Defendants' Statement of Recent Decision**

469 F.3d at 1263-64 (emphasis supplied). In light of these holdings and the fact that <u>Nagrampa</u> specifically recognized causes of action identical to the ones brought by Plaintiffs here,[15] it is indeed remarkable that the <u>American Express</u> court, premised on its completely incorrect belief that somehow a direct challenge to an arbitration provision's unconscionability can be considered by an arbitrator rather than a court, could actually state:

> "You haven't made a claim for arbitration. You haven't sought arbitration. Let's say you seek arbitration. Then the arbitrator has to make some decisions, right? He could conceivably make some decisions in your favor. Could -- if you're so sure you're so right, and there you are. And he could throw out the class action requirement or limitation if he thought that that was appropriate from your arguments. He could do the things that you haven't even -- you're complaining about, but you haven't complained about it in front of the arbitrator."
> Transcript at 3:3-11.

The court continued:

> "But I still don't quite understand why you can't go to the arbitrator and say to the arbitration. Here, this clause is unconscionable, that should be stricken, and the arbitrator says, Fine, that's out. Now, what's your next complaint? And your next complaint is what? If he strikes the class action, so he says, Yeah, you want a class action, go right ahead? I think that is unconscionable. It's out. So then what's next? You've gotten exactly what you've wanted, haven't you? Fabulous, you've gotten a deal with American Express and you're going to be able to bring class actions against them and that's why you got their credit card."

---

[15]    <u>See</u> <u>Nagrampa</u>, 469 F.3d at 1264 ("However, Nagrampa's fifth and sixth causes of action are directed specifically to the arbitration provision, placing these challenges squarely within the category of claims that must be decided by a federal court."). The two causes of action referred to "specifically challenge the validity and enforceability of the arbitration provision" in terms of its unconscionability. <u>Id.</u> at p. 1266.

**<u>David Lee, et al. vs. Chase Manhattan Bank U.S.A., N.A., et al</u>.**
**Plaintiffs' Objection And Statement In Response To Defendants' Statement of Recent Decision**

Id., 6:7-18.  Yet, it did.  This woeful error is made even more remarkable by the fact that the American Express Arbitration Provision explicitly excludes Plaintiffs' claims from the arbitration requirement. [16]

Further, <u>American Express</u> simply begs the question by basing its opinion on the judicial conjecture that Plaintiffs might never seek arbitration. The <u>American Express</u> Complaint, as does the Complaint here, specifically alleges that the Plaintiffs want to and would seek arbitration of their arbitrable claims (the fraud claim, for instance) under an enforceable (and thus conscionable) arbitration provision but cannot do so under the patently unconscionable arbitration provisions under challenge.  <u>American Express</u> Complaint, ¶¶ 56-61[17]; Chase Complaint, ¶¶ 40-45.  Under the standards applicable to motions to dismiss, such allegations must be deemed as true and cannot be so cavalierly ignored by the courts.

---

[16]     In other words, the only thing <u>American Express</u> got right was the caption of the action. The American Express Arbitration Provision, as a matter of contract, explicitly states that arbitration of claims such as those raised by Plaintiffs there are not subject to arbitration:

> "As used in this Arbitration Provision, the term 'Claim' [that are subject to mandatory arbitration under the Provision] means any claim, dispute or controversy … arising from or relating to your Account, this Agreement … … **except for the validity, enforceability or scope of this Arbitration Provision or the Agreements**."

American Express Complaint, ¶ 62 (Ex. 19 at p. 143)(emphasis supplied).  Justice Breyer, writing in <u>First Options of Chicago, Inc. v. Kaplan</u>, 514 U.S. 938, 944-48, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995), held that such language makes the matter categorically **not** arbitrable:  "a party can be forced to arbitrate only those issues it specifically has agreed to submit to arbitration…"  Justice Breyer in <u>First Options</u>, but certainly not Judge Breyer in <u>American Express</u>, got it right:  arbitration of Plaintiffs' claims cannot occur as a matter of contract and, hence, its absence can have no effect on Plaintiffs' standing.

[17]     Plaintiffs specifically allege they "are and have been willing to immediately invoke the American Express arbitration provision so that their fraud claims against American Express would be decided in the arbitral context by an arbitrator if the arbitration provision is conscionable, legal, and enforceable."  American Express Complaint, ¶ 56.  An identical allegation is made in the Chase Complaint as noted.

**<u>David Lee, et al. vs. Chase Manhattan Bank U.S.A., N.A., et al.</u>**
**Plaintiffs' Objection And Statement In Response To Defendants' Statement of Recent Decision**

The presence of "rescission" being a remedy sought in <u>Buckeye</u> but not in <u>Nagrampa</u> is of key importance in putting <u>American Express</u> in its proper, and woefully wrong, context. It appears that <u>American Express</u> sought to somehow shoehorn Plaintiffs' complaint into the exception recognized in <u>Buckeye</u> and <u>Nagrampa</u> concerning when the arbitrator and not the courts must consider the issue of unconscionability so that arbitration would be required in order for Plaintiff to have standing. In doing so, <u>American Express</u> specifically states that the Plaintiffs there sought "rescission" of the cardmember agreement. Slip op. at 2. That is misleading because it results from the Court actually inventing and reading a remedy into the Complaint that was not sought in it.: the Complaint itself does not seek rescission of the cardmember agreement as a remedy pertaining to the fraud claim (or, for that matter, any other cause of action) and any textual reference to rescission was for purposes of example only rather than for specification of the relief being sought.[18] <u>Compare</u> American Express Complaint at pp. 68-69 to the Chase Complaint at pp. 46-47. Thus, the Court in <u>American Express</u> obviously again fell far short of the standards which the courts must observe in the motion to dismiss

---

[18]    The only time "rescission" is mentioned in the American Express Complaint (¶ 5) or the Chase Complaint (¶ 1) is as follows:

> "In the context of the fraud cause of action which is made only with regard to the agreement as a whole (excluding the arbitration provision), receiving less than that for which he paid is the requisite injury necessary to give rise to a right of rescission and restitution, in whole or part, of the fees paid." (Internal footnote deleted)

It is California law that a person who has been defrauded may elect to rescind the contract or to affirm it and claim damages, he cannot do both at the same time. <u>Kuhl v. Mott</u>, 120 Cal. 668, 53 P. 304 (1898). Thus, a plaintiff must elect which remedy to seek. Both here and in <u>American Express</u> the plaintiffs elected to affirm the underlying card member agreement (excluding the arbitration provision) and seek restitution. At no point does Plaintiff seek to rescind the agreement.

<u>David Lee, et al. vs. Chase Manhattan Bank U.S.A., N.A., et al.</u>
**Plaintiffs' Objection And Statement In Response To Defendants' Statement of Recent Decision**

context in order to reach its conclusion.  Accordingly, the <u>American Express</u> "rescission" shoe simply does not fit in here.

American Express also overlooked three additional bases which establish, as a matter of law, that Plaintiffs' standing does not rest on first invoking the Arbitration Provision or actually engaging in arbitration.  First, arbitration is not required since Plaintiffs' invoking it would waive all objections they have to the Provision or, for that matter, the right to challenge any arbitral findings on the basis of the arbitrator exceeding his authority in deciding the arbitration provision's unconscionability.   <u>See</u> <u>PowerAgent v. Electronic Data Systems</u>, 358 F.3d 1187, 1192 (9th Cir. 2004); <u>Nagrampa</u>, 469 F.3d at 1279-81.[19]  Second, it would be illegal for Plaintiff to invoke the unconscionable and unenforceable arbitration provision and the Complaint specifically alleges that Plaintiff may not seek to enforce the unenforceable and illegal Provision as a matter of California law.[20]  Chase Complaint, ¶ 43; American Express Complaint, ¶ 59.

---

[19]    <u>But</u> <u>see</u> <u>George Day Construction Co. v. Carpenters Local 354</u>, 722 F.2d 1471, 1475 (9th Cir. 1984) (a party submitting an arbitration may preserve the arbitrability issues for judicial review by (1) "objecting to the arbitrator's authority, refusing to argue the arbitrability issue before him, and proceed[] to the merits of the grievance"; or (2) "making an objection as to jurisdiction and an express reservation of the question on the record."  Had Plaintiff done either of these, no issue remained for arbitration making arbitration a futile option.  <u>See</u> <u>Bertero v. Superior Court</u>, 216 Cal. App. 2d 213, 230 Cal. Rptr. 719 (1963) (parties improperly ordered to arbitrate "would be put to the unnecessary delay and expense of an arbitration, further court proceedings, and an appeal, after which they would be required to start over"), <u>disapproved on other grounds</u> in <u>St. Agnes Medical Center v. PacifiCare of California,</u> 31 Cal.4th 1187, 1192, 8 Cal. Rptr. 3d 517, 82 P.3d 727 (2003).

[20]    <u>See</u>, <u>e.g.</u>, <u>Baker v. Liberty Mut. Ins. Co.</u>, 143 F.3d 1260, 1264 (9th Cir. 1998)("parties may not generally bargain for or agree to an illegal term"); <u>Gantt v. Sentry Insurance</u>, 1 Cal.4[th] 1083, 1093, 4 Cal.Rptr.2d 874, 824 P.2d 680 (1992)("We have … long declined to enforce contracts inimical to law or the public interest"); <u>Kreamer v. Earl</u>, 91 Cal. 112, 117, 27 P. 735 (1891) ("No court will lend its aid to give effect to a contract which is illegal, whether it violate the common or statute law, either expressly or by implication."); 1 Witkin, <u>Summary of California Law</u>, "Contracts" § 422 p. 463-64 (illegal contract provisions are not enforceable).

14

Third, it would be futile for Plaintiffs to have sought to arbitrate their Arbitration Provision claims since their crux is the unconscionability of the arbitration clause itself, which claim is not arbitrable as a matter of law and contract.  <u>American Express</u>'s unfounded contrary suppositions aside, that as a matter of certainty means that if Plaintiffs filed for arbitration, their efforts would just have been a waste of time since they  would have ended up back in this Court with the same claims under all scenarios:  either (1) the arbitrator would dismiss the arbitration for lack of jurisdiction under the commands of <u>Buckeye</u> and <u>Nagrampa</u>, or (2) the arbitrator, unruffled by <u>Nagrampa</u>, would rule on the unconscionability merits of the claims only to have it set aside when the victor files a 9 U.S.C.  § 10 petition to confirm the arbitral award because the arbitrator acted in excess of his authority.   <u>See</u> <u>e.g.</u>, <u>Triple G Landfills, Inc. v. Board of Commissioners</u>, 977 F.2d 287, 291 (7th Cir. 1992)("The ripeness doctrine requires a live, focused case of real consequence to the parties. It does not require Triple G to jump through a series of hoops, the last of which it is certain to find obstructed by a brick wall.")

**3.    The Violation Of Plaintiffs' California Statutory Right To Not Have Unconscionable Terms Inserted In Their Contracts Provides An Independent Injury And Source Of Standing**

<u>American Express</u>, in determining that Plaintiffs' lacked standing, completely ignored that their standing also arises from the violation of their right under California Civil Code §§ 1670.5 and 1770(a)(19), respectively, to not have an unconscionable term inserted in their credit card agreements.   That such a statutory right exists is clear from <u>Kagan v. Gibraltar Savings & Loan Ass'n</u>, 35 Cal.3d at 592 ("**We thus reject [the] effort to equate pecuniary loss with the statutory requirement that consumers 'suffer any damage.' As it is unlawful to engage in any of the deceptive business practices enumerated in section 1770, consumers have a corresponding legal right not to be subjected thereto**"), and the explicit terms of Section

1670.5[21] (a violation of which may be used to state a cause of action under the UCL)[22] That the violation of those statutory rights, without more, provides standing is equally clear. <u>Cantrell v. City of Long Beach</u>, <u>supra</u>, makes clear that the violation of these statutory rights, without more, provides Plaintiffs' with standing:

> "We agree with the Seventh Circuit [in <u>FMC Corp. v. Boesky</u>, 852 F.2d 981, 992 (7th Cir. 1988), which held that the violation of a state-created legal right can, in itself, satisfy the injury in fact requirement for standing under Article III], that state law can create interests that support standing in federal courts. If that were not so, there would not be Article III standing in most diversity cases, including run-of-the-mill contract and property disputes. State statutes constitute state law that can create such interests. For example, if § 526(a) had provided for monetary relief to a citizen suing under it, the requirements of Article III might well be met. *Cf. Vermont Agency of Natural Resources v. United States*, 146 L. Ed. 2d 836, 120 S. Ct. 1858, 1861 (2000) (federal qui tam statute meets Article III requirements because the private plaintiff is an assignee of the government's damages action for misuse of federal funds)."[23]

---

[21]    Civ. Code § 1670.5 provides, in pertinent part:

**"(a)** If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result."

[22]    <u>See California Grocer's Assn v. Bank of America</u>, 22 Cal.App.4th 205, 218, 27 Cal.Rptr.2d 396 (1994).

[23]    <u>FMC v. Boesky</u>, 852 F.2d 981, 995 (1987), held:

"[W]ould the invasion of a recognized state-law right in itself satisfy Article III's injury requirement, even though an injury separate and apart from the actual invasion is difficult to identify? As the Supreme Court has stated, standing "often turns on the nature and source of the claim asserted." *Warth*, 422 U.S. at 500. For example, the "actual or threatened injury required by Art. III may exist solely by virtue of 'statutes creating legal rights,  the invasion of which creates standing.'" *Id.* The same must also be true of legal rights growing out of state law. If not, federal courts sitting in diversity could not adjudicate some cases involving only state-law breach-of-fiduciary duty claims, which they often do, because some actions for breach of fiduciary duty do not require the plaintiff to show an injury. In such a case, the actual or threatened injury required by Article III exists solely by virtue of the recognized state-law right, the invasion of which creates standing.

16

Various California appellate courts have finally recognized that <u>Kagan</u> means exactly what it says in terms of standing under the CLRA (which, of course, explicitly provides for an award of injunctive and restitutionary relief as does the UCL). For instance, in <u>Freeman v. Mattress Gallery</u>, 2007 Cal.App.Unpub. 9102 (November 8, 2007),[24] although expressing its disagreement with <u>Kagan</u>, nonetheless held:

> "Mattress Gallery cites *Wilens v. TD Waterhouse Group, Inc.,* (2003) 120 Cal.App.4th 746, 754-755 in an attempt to distinguish *Kagan*. **However, the issue in *Wilens* was not what *Kagan* stated about the requirement for "any damage" in order for an individual to have standing, but whether *Kagan* stated that each member of a purported class need not have suffered actual damages. (*Ibid*.)** *Wilens* **was simply not a standing case and did not distinguish the statement in *Kagan* that "the requirement of section 1780 that a consumer 'suffer[] any damage' . . . include[s] the infringement of any legal right as defined by section 1770.**" (*Kagan*, *supra*, 35 Cal.3d at p. 593; *Wilens*, *supra*, 120 Cal.App.4th at p. 750.) **Thus, our Supreme Court has interpreted Civil Code section 1780 to state that the infringement of a legal right provided by Civil Code section 1770 that results from the violation of Civil Code section 1770 is damage enough to provide standing. In other words, in order to have standing to bring an action for violation of the CLRA, all a plaintiff need allege is that the defendant violated a provision of Civil Code section 1770.** [¶] … Much as we might disagree with the Supreme Court's unsupported and ill-reasoned interpretation of the standing requirement within Civil Code section 1770, we are bound by it. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)"

2007 Cal.App.Unpub. 9102 at *11-13 (emphasis supplied, internal footnote omitted). So too is this Court bound by <u>Kagan</u>. <u>See</u>, <u>e.g.</u>, <u>Vestar Dev. II, LLC v. Gen. Dynamics Corp.</u>, 249 F3d 958, 960 (9th Cir. 2001)("We are bound by decisions of the California Supreme Court interpreting a California statute").

---

> Properly pleaded violations of state-created legal rights, therefore, must suffice to satisfy Article III's injury requirement."

[24]    It should be noted that <u>Freeman</u> is an unpublished California appellate decision to which citation would be improper if made to a California court. However, the Ninth Circuit allows such unpublished cases to be cited to it and in the district courts. <u>See</u>, <u>e.g.</u>, <u>Ortiz Sandoval v. Gomez</u>, 81 F.3d 891, 895 (9th 1996); <u>Cole v. Doe</u>, 387 F.Supp.2d 1084 (N.D. Cal. 2005).

17

1    Accordingly, since Plaintiffs have thus suffered an injury and "lost" money as a result of

2    the arbitration provisions' unconscionability, they have standing under Article III, the CLRA,

3    and the UCL.

4

5    Dated: January 15, 2008                                Respectfully submitted,

6

7

8    _____

9                                                          Matthew S. Hale
                                                          Attorney for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**David Lee, et al. vs. Chase Manhattan Bank U.S.A., N.A., et al.**
**Plaintiffs' Objection And Statement In Response To Defendants' Statement of Recent Decision**