# Exhibit B

UNITED STATES DISTRICT COURT

**NORTHERN DISTRICT OF CALIFORNIA**

**BEFORE THE HONORABLE CHARLES R. BREYER, JUDGE**

```
----------------------------)
                            )
David Lee, et al.,          )
                            )
            Plaintiffs,     )
                            )
    v.                      )         NO. C 07-4765 (CRB)
                            )
American Express Travel,    )
                            )
            Defendant.      )         San Francisco, California
                            )         Friday, November 30, 2007
----------------------------)            (9 pages)
```

<u>**TRANSCRIPT OF PROCEEDINGS**</u>

<u>**APPEARANCES**</u>:

For Plaintiffs:          **MATTHEW SCOTT HALE**
                         **Attorney at Law**
                         **45 Rivermond Drive**
                         **Post Office Box 1951**
                         **Newport News, Virginia 23601**


For Defendants:          **Stroock & Stroock & Lavan LLP**
                         **2029 Century Park East**
                         **Suite 1800**
                         **Los Angeles, California 90067**
                  BY:    **STEPHEN JULIAN NEWMAN**

1    <u>Tuesday, November 30, 2007</u>

2                                                    (10:14 a.m.)

3         DEPUTY CLERK:  David Lee versus American Express.

4    Appearances, Counsel?

5         MR. HALE:  Matthew Hale for the plaintiffs.

6         MR. NEWMAN:  Steven Newman for the defendants.

7         THE COURT:  Good morning.  Well, anybody have anything

8    to add to what's been filed?

9         MR. NEWMAN:  If I may, I'm the moving party, I think

10   the standing issue is the critical one here.  The plaintiffs

11   here have ample other remedies if there is an issue with the

12   arbitration clause and these can be raised in the context of a

13   motion to compel arbitration of a particular dispute.  If there

14   is an arbitration, they can be raised in the context of the

15   arbitration itself.  If there is an award, they can be raised

16   in proceedings to vacate or correct or enforce the award.

17        So your Honor simply doesn't have a live dispute

18   before him.  The claim is just:  I'm a party to this contract

19   and someday I might have something I'm going to arbitrate, I

20   might have a problem with the arbitration clause.

21        THE COURT:  Well, that was my impression.  My

22   impression is I don't have standing -- I mean, I have standing,

23   but the plaintiffs don't.  So you have --

24        MR. HALE:  Yes, your Honor.  Our position is there's

25   nothing to arbitrate because arbitration is impossible at this

1  point.

2      THE COURT:  Why is it impossible?  You haven't made a

3  claim for arbitration.  You haven't sought arbitration.  Let's

4  say you seek arbitration.  Then the arbitrator has to make some

5  decisions, right?  He could conceivably make some decisions in

6  your favor.  Could -- if you're so sure you're so right, and

7  there you are.  And he could throw out the class action

8  requirement or limitation if he thought that that was

9  appropriate from your arguments.  He could do the things that

10 you haven't even -- you're complaining about, but you haven't

11 complained about it in front of the arbitrator.

12     MR. HALE:  Your Honor, if I might.

13     THE COURT:  Sure.

14     MR. HALE:  Arbitration is impossible under the

15 circumstances here because, first of all, down in Orange County

16 in a superior court case Judge Carol Dunning in a response to

17 their motion to compel arbitration ruled that American

18 Express's arbitration clause, the same one we're disputing

19 here, is unenforceable because it's unconscionable.  They never

20 appealed that.

21     So there's now a collateral estoppel effect.  The

22 Court has held that that arbitration clause is not operative at

23 this point.

24     Secondly, one of the big issues here is, according to

25 the --

1            THE COURT:  Well now, wait.  Let's say you're right on

2     that, which I'm not suggesting that you're not.  Are you

3     telling me that you couldn't say that to the arbitrator?

4            MR. HALE:  Well, there's another point, if I could

5     make it, your Honor.

6            THE COURT:  I'm going one point at a time.

7            MR. HALE:  All right.

8            THE COURT:  You said -- I think you don't have

9     standing.  You say, Oh, yes, you do.  And then you cite as a

10    reason that you don't go to arbitration is a decision from the

11    Orange County Superior Court holding the class action bar

12    unconscionable and that therefore American Express is

13    collaterally estopped from litigating -- I guess that's

14    right -- litigating that issue, to which I say:  If you are

15    right, why wouldn't you say that to an arbitrator?  And why

16    wouldn't the arbitrator then theoretically be bound by the laws

17    of collateral estoppel?

18            MR. HALE:  I suppose they would, your Honor, but

19    there's a more --

20            THE COURT:  Now, let's move to the second point.

21            MR. HALE:  The more compelling reason here, and why

22    this cannot be arbitrated, is because in the contracts involved

23    here, in the arbitration clause, it says that the arbitrator

24    must decide the validity of the arbitration agreement.

25    That's -- so he would have to decide that.  And --

```
 1            THE COURT:  What if he decided in your favor?

 2            MR. HALE:  As a matter of law, under Buckeye Check

 3    Cashing and Nagrampa, he cannot.  He has no authority to

 4    evaluate -- has no jurisdiction to render an opinion as to the

 5    validity of the arbitration agreement itself.  So by the

 6    Supreme Court's own holding in Buckeye Check Cashing and in the

 7    Ninth Circuit en banc decision in Nagrampa, that cannot occur,

 8    so there cannot be any arbitration whatsoever because of the

 9    central issue here.

10            As a consequence, it's a futile act.  The law does not

11    require a plaintiff to jump through a series of hoops the last

12    of which is obstructed by a brick wall.  There can be no

13    arbitration here because the Supreme Court of the United

14    States --

15            THE COURT:  Wait, wait.  I don't understand.  First of

16    all, you say -- the dispute that you have with American Express

17    is the arbitration clause.

18            MR. HALE:  No, we would like to arbitrate our claim

19    for fraud.

20            THE COURT:  But fraud was the fraud in inducing you to

21    enter into an agreement with American Express because, you

22    claim, there's an arbitration clause.  You said, Look, you know

23    why I got their credit card?  Because they have an arbitration

24    clause.

25            By the way, I've never heard of that in my life.  I've
```

1    always greeted new things, and I rather enjoy that arrangement.

2            Because I hadn't thought that people go to credit card

3    companies or buy anything because it has an arbitration clause

4    in it, but I guess you did, or your clients do.  So -- we'll

5    see if they do or not, and that will be the subject of some

6    litigation.

7            But I still don't quite understand why you can't go to

8    the arbitrator and say to the arbitrator, Here, this clause is

9    unconscionable, that should be stricken, and the arbitrator

10   says, Fine, that's out.

11           Now, what's your next complaint?  And your next

12   complaint is what?  If he strikes the class action, so he says,

13   Yeah, you want a class action, go right ahead?  I think that is

14   unconscionable.  It's out.  So then what's next?  You've gotten

15   exactly what you've wanted, haven't you?  Fabulous, you've

16   gotten a deal with American Express and you're going to be able

17   to bring class actions against them and that's why you got

18   their credit card.

19           MR. HALE:  Part of this lawsuit is as a class action.

20   We seek to not have the remedy just based -- directed toward

21   the plaintiffs but to a class of people.

22           THE COURT:  And you're going to get it.  He's going to

23   give it to you.  The arbitrator may very well give it to you.

24   That will be wonderful.  You'll probably get a lot of people.

25   American Express has all sorts of business now because they

1    have a non class action bar.

2              MR. HALE:  There's another problem with that, your

3    Honor, in the fact that the contract with American Express

4    prohibits a consolidation.  So there cannot be a class action

5    within the context of arbitration.

6              THE COURT:  The class action provision of the

7    arbitration agreement prevents consolidation, right?  Is that

8    your point?

9              MR. HALE:  There's a ban on class actions outside

10   arbitration.

11             THE COURT:  That's going to be stricken.

12             MR. HALE:  All right.  But in the contract itself

13   there's also a ban on consolidation, so there is a ban on --

14             THE COURT:  What's the ban on consolidation?

15             MR. HALE:  It's in the contract.

16             THE COURT:  He'll throw that out, too.  May very well

17   throw that out.  Then what?  Then you've gotten exactly what

18   you wanted.  The only thing you don't have is any injury.  But

19   let's not quibble about that.

20             MR. HALE:  Your Honor, we would argue that under the

21   Ninth Circuit's holding in Lozano not getting what he paid

22   if --

23             THE COURT:  He may very well get what he paid for.

24   That's my point.  You may very well get what he paid for,

25   assuming that he actually paid for it.  You may get it.  You

```
 1   don't have standing.  You don't have any injury.

 2           MR. HALE:  Well, your Honor, I respectfully disagree

 3   based on the holding of --

 4           THE COURT:  I'll write an opinion, and it's located on

 5   7th and Mission.  You may take it right over there.

 6           MR. NEWMAN:  Thank you, your Honor.

 7           MR. HALE:  Thank you, your Honor.

 8           One piece of housekeeping.  There's a case

 9   management --

10           THE COURT:  It's vacated.  I'm throwing out the

11   lawsuit.

12           MR. NEWMAN:  Thank you, your Honor.

13           MR. HALE:  Thank you.

14           (Adjourned)

15                            oOo

16

17

18

19

20

21

22

23

24

25
```

1

2                      CERTIFICATE OF REPORTER

3

4          I, Connie Kuhl, Official Reporter for the United

5    States Court, Northern District of California, hereby certify

6    that the foregoing proceedings in Case No. C 07-4765 (CRB),

7    David Lee, et al. v. American Express Travel, were reported by

8    me, a certified shorthand reporter, and were thereafter

9    transcribed under my direction into typewriting; that the

10   foregoing is a true record of said proceedings as bound by me

11   at the time of filing.

12         The validity of the reporter's certification of said

13   transcript may be void upon disassembly and/or removal from the

14   court file.

15

16         _____

17                   Connie Kuhl, RMR, CRR

18                Wednesday, December 5, 2007

19

20

21

22

23

24

25