| | |
|---|---|
| 1 | STROOCK & STROOCK & LAVAN LLP |
| 2 | JULIA B. STRICKLAND (State Bar No. 083013)<br>STEPHEN J. NEWMAN (State Bar No. 181570) |
| 3 | 2029 Century Park East, Suite 1800<br>Los Angeles, California 90067-3086 |
| 4 | Telephone: 310-556-5800 |
| 5 | Facsimile: 310-556-5959<br>lacalendar@stroock.com |
| 6 | |
| 7 | Attorneys for Defendants<br>  CHASE BANK USA, N.A., |
| 8 |   erroneously sued as CHASE<br>  MANHATTAN BANK USA, |
| 9 |   N.A., and JPMORGAN CHASE & CO. |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. LEE and DANIEL R. LLOYD, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>CHASE MANHATTAN BANK U.S.A., N.A., a Delaware corporation, CHASE MANHATTAN BANK U.S.A., N.A. d.b.a. CHASE BANK U.S.A., N.A., JPMORGAN CHASE & CO., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>                    Defendants. | **Case No. CV-07-4732 MJJ**<br><br>THE HON. MARTIN J. JENKINS<br><br>**RESPONSE OF DEFENDANT CHASE BANK USA, N.A. TO PLAINTIFFS' OBJECTION TO CHASE'S STATEMENT OF RECENT DECISION IN SUPPORT OF MOTION TO DISMISS; ADDITIONAL STATEMENT OF RECENT DECISION**<br><br>DATE:  January 29, 2008<br>TIME:  9:30 a.m.<br>PLACE: Courtroom 11<br>             19th Floor<br>             450 Golden Gate Ave.<br>             San Francisco, CA 94102 |

LA 51020623v1

Defendant Chase Bank USA, N.A. ("Chase") hereby submits its Response to Plaintiffs' Objection, filed on January 18, 2008 (the "Objection"), to Chase's Statement of Recent Decision. Chase also wishes to advise the Court of a very recent decision by the United States Court of Appeals for the Ninth Circuit, Rose v. Chase Bank USA, N.A., No. 05-56850 (9th Cir. Jan. 23, 2008).

### A.   Response To Plaintiff's Objection.

In its earlier Statement of Recent Decision, Chase brought to the Court's attention a recent decision by Judge Charles Breyer, David J. Lee et al. v. American Express Travel Related Services, Inc. et al., Case No. CV-07-4765 (CRB) (N.D. Cal. Dec. 6, 2007), which bears directly on the issues in this case. In the American Express case, Judge Breyer ruled against these exact same Plaintiffs on the exact same issue presented on Chase's pending Motion to Dismiss: because they have never sought to arbitrate anything with their credit card issuers, they lack standing to challenge any term of the arbitration provisions of the card agreements.

Plaintiffs' Objection is 24 pages long, and was filed long after the principal briefing has closed. (Chase's Reply was filed on November 20, 2007). The Objection argues at length why Judge Breyer's ruling was incorrect. This is wholly improper, and violates this Court's Civil Local Rules, which prohibit Plaintiffs from attempting to submit additional argument after briefing on Chase's motion is complete. Civil Local Rule 7-3(d) provides that, except for communication of a recent decision issued following the completion of briefing, "once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." As Plaintiffs did not receive leave of Court before filing their 24-page brief, it was wholly improper for them to do so. Chase respectfully submits that the Objection should be disregarded in its entirety.

If, in spite of the above discussion, the Court is inclined to consider Plaintiffs' Objection, Chase respectfully requests the opportunity to respond in formal briefing on a reasonable timetable.

### B. Recent Ninth Circuit Authority.

Pursuant to Civil Local Rule 7-3(d), Defendants also call the Court's attention to a recent published decision by the United States Court of Appeals for the Ninth Circuit, <u>Rose v. Chase Bank USA, N.A.</u>, No. 05-56850 (9th Cir. Jan. 23, 2008) (attached hereto as Exhibit A). <u>Rose</u> fully supports Chase's position here that Plaintiffs' claims are preempted by the National Bank Act and federal regulations promulgated thereunder.

Chase relied upon the lower court decision in <u>Rose</u> (396 F. Supp. 2d 1116) on pages 14-15 of its Motion to Dismiss. Now the <u>Rose</u> ruling has been affirmed in its entirety, and confirms that California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 <u>et</u> <u>seq.</u>, may not be employed to force a national bank to rewrite the disclosures it provides in connection with its credit cards. Nor may a national bank be held liable under the Unfair Competition Law on the theory that its disclosures to credit card holders are "deceptive" or "unfair."

Although Chase contends that Plaintiffs lack standing to pursue this action, if the Court should find that Plaintiffs do have standing, their claims are preempted under <u>Rose</u>, and a dismissal with prejudice should be entered.

Dated: January 24, 2008

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
STEPHEN J. NEWMAN

By: s/Stephen J. Newman
Stephen J. Newman

Attorneys for Defendants
CHASE BANK USA, N.A., erroneously sued as CHASE MANHATTAN BANK USA, N.A., and JPMORGAN CHASE & CO.