Matthew S. Hale, Esq.
HALE & ASSOCIATES
Calif. State Bar No. 136690
45 Rivermont Drive
Newport News, VA 23601

Mailing Address:
P.O. Box 1951
Newport News, VA 23601

Telephone No. (757) 596-1143
E-Mail: matthale@verizon.net

Attorney for Plaintiffs, DAVID J. LEE and
DANIEL R. LLOYD

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. LEE and DANIEL R. LLOYD, as individuals and, on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CHASE MANHATTAN BANK U.S.A., N.A., a Delaware corporation, CHASE MANHATTAN BANK U.S.A., N.A. d.b.a. CHASE BANK U.S.A., N.A., JPMORGAN CHASE & CO., a Delaware corporation; and DOES 1, through 100, inclusive, <br><br> Defendants. | Case No.: C 07-4732 MJJ <br><br> **PLAINTIFFS' SECOND STATEMENT OF RECENT DECISION IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** <br><br> DATE: January 29, 2008 <br> TIME: 9:30 a.m. <br> CTRM: 11 <br>       19th Floor <br>       450 Golden Gate Ave. <br>       San Francisco, Ca. 94102 |

1

Pursuant to Civil Local Rule 7-2(d), Plaintiffs hereby advise the Court of recent authority, which has bearing on the Defendants' Motion to Dismiss heard on January 29, 2008.

**Recent Decision**

Cartwright v. Viking Industries, Inc., 2008 U.S. Dist. LEXIS 10240 (E.D. Cal. February 12, 2008) (a copy of the decision is appended hereto as Appendix I for the Court's convenience).

Dated: February 14, 2008                                                    Respectfully submitted,

/s/
_____
Matthew S. Hale
Attorney for Plaintiffs

**David Lee, et al. vs. Chase Manhattan Bank U.S.A., N.A., et al.**
**Plaintiffs' Second Statement of Recent Decision in Support of Their Opposition to Defendants' Motion to Dismiss**

# Appendix I

**David Lee, et al. vs. Chase Manhattan Bank U.S.A., N.A., et al.**
**Plaintiffs' Second Statement of Recent Decision in Support of Their Opposition to Defendants' Motion to Dismiss**

**LYNDA CARTWRIGHT and LLOYD CARTWRIGHT on behalf of themselves and all others similarly situated, Plaintiffs, v. VIKING INDUSTRIES, INC., an Oregon Corporation, and Does 1 through 100, inclusive, Defendants.**

**CASE NO. 2:07-CV-02159-FCD-EFB**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

**2008 U.S. Dist. LEXIS 10240**

**February 12, 2008, Decided
February 12, 2008, Filed**

**COUNSEL:** [*1] For Lynda Cartwright, on behalf of themselves and all others similarly situated, Lloyd Cartwright, on behalf of themselves and all others similarly situated, Plaintiffs: David M. Birka-White, LEAD ATTORNEY, Stephen Oroza, Birka-white Law Offices, San Francisco, CA; James Belford Brown, Jennifer Anne Scott, LEAD ATTORNEYS, Herum Crabtree Brown, Stockton, CA; Robert J. Nelson, LEAD ATTORNEY, Steven Mark Swerdlow, Lieff Cabraser Heimann and Bernstein, San Francisco, CA.

For Viking Industries, Inc., an Oregon corporation, Defendant: Jon Mark Thacker, Kevin Patrick Cody, LEAD ATTORNEYS, Ropers, Majeski, Kohn and Bentley, San Jose, CA.

**JUDGES:** FRANK C. DAMRELL, JR., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** FRANK C. DAMRELL, JR.

**OPINION**

*MEMORANDUM AND ORDER*

This matter comes before the court on defendant Viking Industries, Inc.'s ("Viking") motion to dismiss plaintiffs Lynda and Lloyd Cartwright's (collectively "plaintiffs") complaint pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. [1] This matter is also before the court on plaintiffs' motion to permit discovery pursuant to Rule 26(d). For the reasons set forth below, [2] defendant's motion to dismiss plaintiffs' complaint is DENIED, and plaintiffs' [*2] motion for expedited discovery is DENIED.

> 1   All further references to a "Rule" are to the Federal Rules of Civil Procedure.
>
> 2   Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

**BACKGROUND**

Plaintiffs are the owners of a residence in which defendant Viking's Series 3000 window products ("Window Products") are installed. (Plaintiffs' Complaint, filed Aug. 16, 2007 ("Compl."), P 6). Plaintiffs brought this class action on behalf of themselves and persons in California who own or owned homes in which Viking Window Products have been installed. (*Id.* P 1). Plaintiffs' claims are based on the defective nature of the Window Products and the damages caused by the defective Window Products. (*Id.* P 13). The alleged defects in the windows include the failure to resist water and air intrusion, which created water damage in the home. (*Id.* PP 13, 19).

Plaintiffs further allege Viking made fraudulent misrepresentations and omissions concerning the Window Products. (*Id.* P 15). Plaintiffs assert Viking represented that the Window Products came with a "Lifetime Warranty," would be "free from defects in material and [*3] workmanship," and would perform in conformance with standards promulgated by the American Architectural Manufacturers Association ("AAMA"). (*Id.*) Plaintiffs claim these representations were false because the Window Products were defective, failed prematurely, and would not satisfy AAMA standards. (*Id.* P 18).

By June of 1997, plaintiffs became aware of excess moisture near some windows and sills and contacted Viking concerning the moisture problems with the Window Products. (*Id.* P 30). A Viking representative visited plaintiffs' residence in June 1997 and advised plaintiffs that the excess moisture was caused by problems with the heating and air conditioning unit. (*Id.*) Plaintiffs believed the Viking representative and allege they had no reason to suspect the Window Products were defective until they were advised of the pendency of the class action lawsuit, *Deist, et al. v. Viking Industries,* Case No. CV025771 (the "*Diest* action"), filed in the San Joaquin County Superior Court. (*Id.* P 31). Plaintiffs claim the filing of the *Diest* action on February 17, 2005 tolled the running of the statute of limitations for claims related to the Window Products. (*Id.* P 32).

On August 16, 2007, plaintiffs [*4] filed this civil class action against defendant, alleging eight causes of action: Strict Products Liability, Negligence, Breach of Express Warranty, Breach of Implied Warranty, Violation of the Consumer Legal Remedies Act, Violation of California's Unfair Competition Law, Fraudulent Concealment, and Restitution. (*Id.* PP 40-102). Defendant now moves to dismiss plaintiffs' claims pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).

**STANDARD**

**A. Rule 12(b)(6)**

On a motion to dismiss, the allegations of the complaint must be accepted as true. *Cruz v. Beto,* 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn,* 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. *See id.*

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters,* 459 U.S. 519, 526 (1983). [*5] Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose,* 788 F.2d 638, 643 n.2 (9th Cir. 1986).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007). Only where a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002) (quoting *Hudson v. King & Spalding,* 467 U.S. 69, 73 (1984)).

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. Of Mary Hospital,* 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.,* 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

### B. [*6] Rule 9(b)

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In order to comply with the requirements of Rule 9(b), the circumstances constituting the alleged fraud "must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir. 1993)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997)). The plaintiff "must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* (quoting *Decker v. GlenFed, Inc.,* 42 F.3d 1541, 1548 (9th Cir. 1994)) (emphasis in original).

### C. Rule 26(d)

Federal Rule of Civil Procedure 26(d) [*7] generally provides that formal discovery will not commence until after "the parties have conferred as required by Rule 26(f)." Courts may order expedited discovery before a Rule 26(f) conference upon a showing of good cause. *Semitool, Inc. v. Tokyo Electron America, Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause is present when "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at 273.

## ANALYSIS

### A. Defendant's Motion to Dismiss

#### 1. Statute of Limitations

Defendant moves to dismiss plaintiffs' complaint on the grounds that it is barred by the applicable statute of limitations. Defendant contends that in June 1997 plaintiffs "became aware of excess moisture near some windows and sills," and that "the sheetrock in the area around the installed Window Products became discolored and mold began to grow in this area." (Compl. P 30). Defendant asserts that as of June 1997 plaintiffs were put on notice of substantial damage around the win-

6

dows and that plaintiffs' "failure to discover the identity of the defendant did not postpone the accrual of a cause of action." (Viking Motion to Dismiss, filed Nov. [*8] 2, 2007 ("Mot."), 7).

Plaintiffs allege that in June 1997 a Viking representative concealed and misrepresented the true problems caused by the Window Products and falsely attributed the problems to the heating and air conditioning unit. (Compl. P 30). Plaintiffs assert they trusted the Viking representative and determined that the problems they experienced with moisture were unrelated to any defect in the Window Products. (*Id.* P 31). Plaintiffs contend that damage caused by the Window Products is difficult to detect, that the Viking representative concealed key facts, and that to determine the true cause of their problems required expert assistance. (*Id.* PP 22-25, 30-31).

In deciding a motion to dismiss, the court is bound to give plaintiffs the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks,* 373 U.S. at 753 n.6. When a motion to dismiss is based on the running of a statute of limitation, dismissal is granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980). [*9] Plaintiffs allege why they did not discover the facts upon which their claims are based until one year before the filing of this action. (Compl. PP 22-25, 30-31). Defendant's motion to dismiss only argues that plaintiffs' were unaware of "the identity of the defendant" and that this alone is not enough to toll the statute of limitations. However, plaintiffs' complaint asserts numerous reasons why the statute had not begun to run, including Viking's alleged fraud.

Defendant further argues that the statute of limitations is likely to have run on class claims because the Window Products were allegedly purchased years ago. However, the question of when the class should have known that their windows had failed and that such failure was a result of the Viking Window Products are factual questions which cannot be determined on a motion to dismiss under Rule 12(b)(6). Because plaintiffs have alleged why they did not discover the Window Product defects were caused by defendant until one year before the filing of this action and because the allegations of the complaint read in the light most favorable to plaintiffs, defendant's motion to dismiss plaintiffs' complaint based upon the statute of [*10] limitations is DENIED.

## 2. Breach of an Express Warranty

Defendant moves to dismiss plaintiffs' claim for breach of an express warranty because the plaintiffs have not specifically alleged which warranty applied to the sale of the Window Products. (Mot. at 3). [3] Plaintiffs have attached three documents to the complaint that they allege are express warranties used by Viking during the relevant time period. These express warranties guarantee that the Window Products would be "free from defects in material workmanship that significantly impairs their operation and proper usage . . . and applies for as long as you own them." (Compl. P 15).

> 3   The court notes that in moving to dismiss plaintiffs' claim for breach of an implied warranty, defendant contends that "it is obvious that the warranty that is applicable to plaintiffs' windows is Exhibit 3." (Mot. at 3). This contention is directly contrary to defendant's argument that plaintiffs' claim for breach of an express warranty should be dismissed because the applicable warranty is unclear.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to [*11] "give the defendant direct notice of

what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957). A complaint attacked by a 12(b)(6) motion does not need detailed factual allegations. *Id.*

Plaintiffs have referenced three express warranties which guarantee that the Window Products would be "free from defects in material workmanship." (Compl. P 15). As such, plaintiffs have satisfied the threshold requirement of Rule 8(a) by giving defendant the factual basis for their claim for breach of express warranty. Therefore, defendant's motion to dismiss plaintiffs' claim for breach of an express warranty is DENIED.

### 3. Breach of an Implied Warranty

Defendant moves to dismiss plaintiffs' claim for breach of an implied warranty on the basis that: (1) all the implied warranties have been disclaimed; and (2) privity between plaintiffs and Viking is absent. (Mot. at 3-5). Defendant first contends, contrary to its express warranty argument, that a specific warranty is applicable to this action. (Mot. at 3). Defendant argues that Exhibit 3 is the "obvious" warranty that applies to plaintiffs' windows and that the disclaimer in the warranty is "effective to eliminate [*12] all implied warranties, including the implied warranties of merchantability and fitness for a particular purpose." (Mot. at 3). At this stage in the litigation, the court cannot determine which warranty applies to this action or the breadth of any particular disclaimer. [4] Until a specific warranty is factually established as pertaining to this action, the court cannot dismiss all implied warranty claims as a matter of law.

> 4  This order does not preclude the defendant from later arguing that all implied warranties are disclaimed by a contractual provision.

Defendant also contends that plaintiffs' claim for breach of an implied warranty must be dismissed because privity between Viking and plaintiffs is lacking. (Mot. at 5). Defendant contends the parties to the original sale were Viking and window distributors. *Id.* Defendant argues that because plaintiffs purchased the Window Products from a window distributor, and not from Viking, plaintiffs are not in privity with Viking and therefore, are not protected by implied warranties. *Id.* However, plaintiffs assert that privity exists because they are third party beneficiaries to the contract between Viking and the window distributors. (Compl. [*13] PP 60-63).

Under California Civil Code § 1559, a third party beneficiary can enforce a contract made expressly for his benefit. Cal. Civ. Code § 1559 (2007); *see Shell v. Schmidt,* 126 Cal App. 2d. 279 (1954) (finding that the plaintiffs purchasing homes constituted the class intended to be benefitted, and holding that the contract must therefore be for their benefit). A contract made expressly for a third party's benefit does not need to specifically name the party as the beneficiary; the only requirement is that "the party is more than incidentally benefitted by the contract." *See Shell,* 126 Cal. App. 2d at 290; *see also Gilbert Financial Corp. v. Steelform Contracting Co.,* 82 Cal. App. 3d 65, 69 (1978) (finding that the plaintiff, as the owner of the building, was an intended beneficiary of the contract between the general contractor and the subcontractor).

Plaintiffs allege Viking sold the windows to distributors and others ("Initial Purchasers") who were not intended to be the ultimate consumers of the Window Products. (Compl. PP 60-63). Plaintiffs claim the agreements between Viking and the Initial Purchasers were intended to benefit the homeowners, including plaintiffs. (*Id.* P 63). [*14] Assuming plaintiffs' allegations are true, plaintiffs have sufficiently alleged facts demonstrating that privity exists between Viking and plaintiffs. *See Shell,* 126 Cal App. 2d at 290; *see also Gilbert Financial Corp.,* 82 Cal. App. 3d at 69. As al-

leged, plaintiffs were an intended beneficiary of Viking's warranty and thus plaintiffs may bring a claim for enforcement of the implied warranties. *Id.*

Therefore, defendant's motion to dismiss plaintiffs' claim for breach of an implied warranty is DENIED.

### 4. California Consumers Legal Remedies Act

Viking argues that plaintiffs' California Consumers Legal Remedies Act (CLRA) claims are barred by California Civil Code § 1754. Viking contends that the sale of windows which are ultimately incorporated into a building are "the construction, sale, or construction and sale of an entire residence," and thus, are expressly excluded from the CLRA under § 1754. (Mot. at 6).

The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a) (2007). Section 1754 [*15] provides, "The provisions of this title shall not apply to any transaction which provides for the construction, sale, or construction and sale of an entire residence." Cal. Civ. Code § 1754 (2007). The CLRA is to be "liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices." Cal. Civ. Code § 1760 (2007); *see also Kagan v. Gibraltar Sav. & Loan Ass'n,* 35 Cal. 3d 582 (Cal. 1984) (applying the CLRA to claims regarding management fees in connection with individual retirement accounts); *Corbett v. Hayward Dodge, Inc.,* 119 Cal. App. 4th 915 (Cal. Ct. App. 2004) (applying the CLRA to automobile loans); *Hernandez v. Hilltop Fin. Mortg., Inc.,* No. 06-7401, 2007 U.S. Dist. Ct. LEXIS 80867 (D. Cal. 2007) (applying the CLRA to mortgage loans). As such, the exception set forth in CLRA § 1754 only applies in the narrow circumstances of the actual sale or construction of real property. *See Jefferson v. Chase Home Finance,* No. 06-6510, 2007 U.S. Dist. LEXIS 36298, at *8 n.1 (N.D. Cal. May 3, 2007) (finding that § 1754 does not exclude financial services related to such transactions).

The sale by Viking of the [*16] Window Products is not the sale of an entire residence. Residential sales are not the subject of the complaint. Rather, plaintiffs' allegations relate only to the sale of the Window Products separate from any "construction, sale, or construction and sale of an entire residence." Cal. Civ. Code § 1754 (2007). Because the protections of the CLRA are to be liberally construed and exceptions to such protections narrowly construed, the court will not expand the CLRA's specified exclusions to encompass the sale of defendant's Window Products. *See id.* Accordingly, defendant's motion to dismiss plaintiffs' claims arising under the California Consumers Legal Remedies Act is DENIED.

### 5. Fraud

Defendant moves to dismiss plaintiffs' claim for fraud on the basis that plaintiffs' fail to plead fraud with particularity. (Mot. at 7). In order to comply with the requirements of Rule 9(b), the circumstances constituting the alleged fraud "must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001) [*17] (quoting *Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir. 1993)). The plaintiff "must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is

false." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003)(quoting *Decker v. GlenFed, Inc.,* 42 F.3d 1541, 1548 (9th Cir. 1994)) (emphasis in original).

Plaintiffs allege Viking concealed and failed to disclose to plaintiffs that the Window Products were defective, would fail permanently, were unsuitable for their advertised use, and would not satisfy AAMA standards. (Compl. P 16). Plaintiffs were provided with brochures, a form of warranty, and other written information by Viking. (*Id.* P 28). Plaintiff were also assured of the high quality of the Window Products by the distributor. (*Id.*) Plaintiffs allege that none of the information they were provided with disclosed the true nature and quality of the Window Products. (*Id.*) Moreover, plaintiffs allege that when they contacted a Viking representative regarding the moisture surrounding the Window Products, the representative stated that such moisture was unrelated to any defects [*18] with the product. (*Id.* PP 30-31). Plaintiffs also allege that Viking had a duty to disclose the defects in the Window Products because (1) it was in a superior position to know the true character and quality of its Window Products, and the problems with the Window Products were latent; (2) it made partial disclosures about these products in its marketing, advertising, and warranties without revealing the true character or quality; and (3) it actively concealed the nature of the defective products. (*Id.* P 91). Plaintiffs contend that Viking actively continued to conceal the defective nature of the Window Products up until the filing of the complaint in this action. (*Id.* P 95). As such, plaintiffs have alleged what representations and omissions were made by Viking to plaintiffs, why Viking had a duty to state the facts it omitted, and the particular manner in which the statements made by Viking were false. (Compl. PP 15-18, 28, 89-97). Thus, plaintiffs have adequately put Viking on notice of the particular misconduct which forms the basis of their claim for fraud. *See Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003)(quoting *Decker v. GlenFed, Inc.,* 42 F.3d 1541, 1548 (9th Cir. 1994)) [*19] (emphasis in original).

Therefore, defendant's motion to dismiss plaintiffs' claim for fraud is DENIED.

**B. Plaintiffs' Motion for Discovery Pursuant to Rule 26(d)**

Plaintiffs move the court for an order permitting them to conduct discovery related to class certification issues pursuant to Federal Rule of Civil Procedure 26(d). Plaintiffs claim the order is necessary to allow the plaintiffs to make a timely class certification motion under Rule 23. Rule 23(c)(1) requires that: "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1). Rule 23, standing alone, does not provide good cause for expedited discovery because class certification can still be made "at an early practicable time" in the normal course of the litigation.

This court finds that plaintiffs' Rule 26(d) motion is premature. Discovery issues will be decided after the parties have filed their Joint Status Report, proposing dates for discovery and deadlines for dispositive motions. [5] Accordingly, plaintiffs' motion for expedited discovery is DENIED.

> 5   Plaintiffs may propose a specific discovery [*20] and briefing schedule regarding their class certification motion in this document. Moreover, plaintiffs may renew their motion for expedited discovery after submission of the Joint Status Report.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss plaintiffs' complaint is DENIED and plaintiffs' motion to permit expedited discovery is DENIED.

IT IS SO ORDERED.

DATED: February 12, 2008

/s/ Frank C. Damrell, Jr.

FRANK C. DAMRELL, JR.

UNITED STATES DISTRICT JUDGE