# EXHIBIT A

1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 083013)
2  STEPHEN J. NEWMAN (State Bar No. 181570)
   NANCY M. LEE (State Bar No. 232708)
3  2029 Century Park East, 16th Floor
   Los Angeles, California  90067-3086
4  Telephone: 310-556-5800
   Facsimile:  310-556-5959
5  *lacalendar@stroock.com*

6  Attorneys for Defendants
     CHASE BANK USA, N.A.,
7    erroneously sued as CHASE
     MANHATTAN BANK U.S.A.,
8    N.A., and JPMORGAN CHASE & CO.

9

                 UNITED STATES DISTRICT COURT
10
                NORTHERN DISTRICT OF CALIFORNIA
11

12
   DAVID J. LEE and DANIEL R.              )   Case No. CV-07-4732 MJJ
13 LLOYD, as individuals and, on behalf of )
   others similarly situated,              )   THE HON. MARTIN J. JENKINS
14                                          )
                 Plaintiffs,                )   **DEFENDANTS' STATEMENT OF**
15                                          )   **RECENT DECISION IN SUPPORT**
           vs.                              )   **OF MOTION TO DISMISS**
16                                          )
   CHASE MANHATTAN BANK U.S.A.,             )
17 N.A., a Delaware corporation, CHASE      )
   MANHATTAN BANK U.S.A., N.A.              )
18 d.b.a. CHASE BANK U.S.A., N.A.,          )
   JPMORGAN CHASE & CO., a                  )
19 Delaware corporation; and DOES 1         )
   through 100, inclusive,                  )
20                                          )
                 Defendants.                )
21 _____ )

22

23

24

25

26

27

28

LA 51029206v2

**DEFENDANTS' STATEMENT OF RECENT DECISION IN SUPPORT OF**
**MOTION TO DISMISS – Case No. CV-07-4732 MJJ**

1    Pursuant to Civil Local Rule 7-3(d), Defendants Chase Bank USA, N.A.,

2  erroneously sued as Chase Manhattan Bank U.S.A., N.A. and JPMorgan Chase &

3  Co., hereby advise the Court of the recent order dated March 4, 2008 in <u>David J. Lee</u>

4  <u>et al. v. Capital One Bank</u>, Case No. CV-07-4599 (MHP) (N.D. Cal. Mar. 4, 2008),

5  attached hereto as Exhibit 1, which was not available at the time Defendants' Motion

6  to Dismiss was heard on January 29, 2008.  The <u>Capital One</u> decision is relevant as it

7  bears upon issues in the pending Motion to Dismiss.

8  Dated:   March 5, 2008                         Respectfully submitted,

9                                                 STROOCK & STROOCK & LAVAN LLP
                                                   JULIA B. STRICKLAND
10                                                 STEPHEN J. NEWMAN
                                                   NANCY M. LEE
11

12                                                 By:   /s/ Stephen J. Newman
                                                         Stephen J. Newman
13

14                                                 Attorneys for Defendants
                                                   CHASE BANK USA, N.A.,
15                                                 erroneously sued as CHASE
                                                   MANHATTAN BANK U.S.A.,
16                                                 N.A., and JPMORGAN CHASE & CO.

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51029206v2                          - 1 -
**DEFENDANTS' STATEMENT OF RECENT DECISION IN SUPPORT OF
MOTION TO DISMISS – Case No. CV-07-4732 MJJ**

# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID J. LEE, an individual and, on behalf of
others similarly situated,

               Plaintiff,

     v.

CAPITAL ONE BANK and CAPITAL ONE
SERVICES, INC., Virginia corporations, DOES
1 through 100, inclusive,

               Defendants.

_____/

No. C 07-4599 MHP

**MEMORANDUM & ORDER**

**Re: Defendants' Motion to Dismiss**

Named plaintiff David J. Lee ("Lee") brings this class action against defendants Capital One Bank, Inc. ("Capital One Bank") and Capital One Services, Inc. ("Capital One Services") for violations of California consumer protection statutes and fraudulent inducement. Plaintiff alleges that defendants' credit card-member agreements contain unconscionable provisions in violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17209, and the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750-1780, and that defendants fraudulently induced plaintiff to enter into a card-member agreement. Defendants now move to dismiss plaintiff's complaint for, among other reasons, lack of Article III standing. Having considered the arguments and submissions of the parties, and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

In March 2007, plaintiff obtained a Capital One "No Hassle Miles Visa Signature" credit card. Complaint ¶ 20. To obtain the card, plaintiff signed a card-member agreement ("Agreement") and paid a $39.00 annual fee. Id., ¶ 20. Within approximately three weeks of obtaining the card, plaintiff sent a letter to Capital One Bank alleging that the arbitration provision in the Agreement contained unconscionable terms and demanding that Capital One Bank remove or revise it. Pls.' Exh. 10. Capital One Services responded with a letter informing plaintiff that it disagreed with his position and would not remove or revise the arbitration provision. Id., Exh. 11. On September 5, 2007, plaintiff filed this action. Represented by the same attorney, plaintiff subsequently filed materially identical actions against two other credit card companies, American Express Travel Related Services and Chase Manhattan Bank USA, N.A. Plaintiff's suit against American Express was dismissed without leave to amend. Lee v. American Express Travel Related Services, Inc., No. C 07-4765, 2007 U.S. Dist. WL 4287557, at *1-2 (N.D. Cal. Dec. 6, 2007) (Breyer, J.). Plaintiff's suit against Chase Manhattan Bank is pending. Lee v. Chase Manhattan Bank USA, N.A., et al., No. C 07-4732 (N.D. Cal. September 14, 2007) (Jenkins, J.).

The heart of plaintiff's complaint is that the Agreement contains an unconscionable arbitration provision in violation of his rights under the UCL and the CLRA. Plaintiff alleges that the arbitration provision is unconscionable because it contains, *inter alia*, a class action waiver and an injunctive relief waiver. Complaint ¶ 3. Plaintiff also alleges that other provisions are unconscionable, including a choice of law provision and a provision that gives defendants the right to amend the Agreement. Id. According to plaintiff, the inclusion of these provisions violates the CLRA, which plaintiff contends makes it unlawful to include an unconscionable provision in a contract, and violates the UCL because the provisions are "unlawful and unfair." Id., ¶ 4. Plaintiff argues that because the arbitration provision and other challenged provisions are unlawful, he did

United States District Court
For the Northern District of California

2

United States District Court
For the Northern District of California

not receive the "full value" of his contract, which amounts to a "loss of money." Id. This loss of money, plaintiff argues, entitles him under the UCL and the CLRA to restitutionary and injunctive relief. Id. Plaintiff also seeks a declaratory judgment, punitive damages, and attorneys' fees for his statutory claims. Id.

In addition to his statutory claims, plaintiff alleges that defendants fraudulently induced him to enter into the Agreement by representing that it was legal and conscionable. Id., ¶ 5. For his fraud claim, plaintiff seeks rescission of his contract and restitution of fees paid. Id.

Defendants now move to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings. In their motion to dismiss, defendants argue that plaintiff has not satisfied the injury in fact requirement for Article III standing. In their motion for judgment on the pleadings, defendants argue that plaintiff's statutory claims fail as a matter of law and that plaintiff's fraud claim fails to state a legal claim. Defendants also contend that plaintiff's complaint is barred by collateral estoppel. Because the court finds that plaintiff has failed to satisfy the injury in fact requirement, the following discussion is confined to Article III standing, and the court does not reach defendants' alternative arguments for dismissal.

LEGAL STANDARD

Under Article III of the Constitution, federal judicial power extends only to "Cases" and "Controversies." U.S. Const., art. III, § 2, cl. 1. Article III standing is thus a threshold requirement for federal court jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992). At a constitutional minimum, standing requires the party invoking federal jurisdiction to show that it has "suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury can be traced to the challenged action and is likely to be redressed by a

3

favorable decision." <u>Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 472 (1982) (citations and internal quotations omitted).  To satisfy the injury in fact requirement, the alleged harm must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." <u>Lujan</u>, 504 U.S. at 560 (citations and internal quotations omitted).  On a motion to dismiss, "general factual allegations of injury resulting from the defendant's conduct may suffice." <u>Id.</u>

<u>DISCUSSION</u>

Defendants argue that plaintiff's alleged injury is merely conjectural because the challenged provisions have not caused plaintiff actual harm.  Defendants note that plaintiff has not attempted to arbitrate or been forced to arbitrate any of his claims.  They also dispute plaintiff's allegation that he did not receive the "full value" of his contract, arguing that plaintiff received exactly what defendants promised him.  As support for their argument, defendants cite <u>American Express</u>, 2007 U.S. Dist. WL 4287557, at *2-6, where a materially identical action against American Express Travel Related Services was dismissed for lack of Article III standing.  The plaintiffs in <u>American Express</u>, one of whom is plaintiff in this action, argued that they suffered injury as a result of not being able to arbitrate a fraudulent inducement claim against American Express.  <u>Id.</u>  According to the plaintiffs, they could not arbitrate their claim because the arbitration provision was unconscionable and attempting to invoke an unconscionable provision is illegal, against public policy and futile.  <u>Id.</u>  The court rejected this theory, holding that it did not satisfy the <u>Lujan</u> standard because the alleged injury was hypothetical, not actual or imminent.  <u>Id.</u>  The court also rejected the plaintiffs' argument that the presence of unconscionable terms in a contract, standing alone, constitutes injury in fact.  <u>Id.</u> at 5.

In response to defendants' arguments, plaintiff proposes three theories for injury in fact.

4

First, plaintiff repeats the argument he made in <u>American Express</u> that he would like to arbitrate his fraud claim but cannot because seeking to enforce an unconscionable provision is illegal, against public policy, futile, and would require plaintiff to waive his legal challenges to the arbitration provision. According to plaintiff, he has been injured by his inability to arbitrate his claims. Second, plaintiff argues that he does not need to invoke the arbitration provision or other challenged provisions to establish injury in fact. Plaintiff asserts that he has already satisfied the injury requirement on the basis that he suffered a "loss in value" as a result of receiving a contract with unconscionable provisions. According to plaintiff, his Agreement is akin to a "defective" or "non-conforming" good because he paid for an agreement with conscionable and enforceable provisions, but received one with unconscionable and unenforceable provisions. Third, plaintiff argues that the violation of a state legal right—here, plaintiff's rights under the UCL and the CLRA—establishes injury in fact.

Having considered the parties' arguments, the court finds that plaintiff has failed to satisfy the injury in fact requirement. Plaintiff's first injury theory—that he would like to arbitrate his claims against defendants but cannot—fails because it does not allege an injury that is "actual or imminent." <u>See</u> <u>Lujan</u>, 504 U.S. at 560. On this point, the court is persuaded by <u>American Express</u>, which held that because such a "theory rests on hypothetical assumptions about what may or may not transpire . . . it is impossible to conclude that plaintiffs have described an injury that is 'imminent' within the meaning of <u>Lujan</u>." 2007 U.S. Dist. WL 4287557, at *3. The court agrees. Injury in fact is an Article III requirement, not an equitable consideration that can be put aside for convenience. Although plaintiff may find it a waste of time and money to attempt to arbitrate his claims, it is certainly not illegal or against public policy for him to do so, and he must do so if he wishes to pursue his claims. Accordingly, the court finds no merit to plaintiff's first injury theory.

Plaintiff's second theory—that he suffered a "loss in value" because his contract contains

**United States District Court**
For the Northern District of California

unconscionable terms—fails on two grounds.  First, contrary to his argument, plaintiff did not receive a "defective" or "non-conforming" contract.  The contents of the arbitration provision and other challenged provisions were plainly visible to plaintiff when he signed the Agreement.  Thus, plaintiff received exactly what defendants promised him.  Second, plaintiff's theory wrongly assumes that the mere presence of purported, but unproven, unconscionable provisions in the Agreement has caused plaintiff a loss in value.  By plaintiff's logic, every party to a card-member agreement with defendants—or any other credit card company, for that matter—has incurred a "loss in value," even those who have not sought and will not seek to arbitrate a claim.  Needless to say, no federal court has held that injury in fact exists under such circumstances.  To establish injury in fact in this case, plaintiff must do more than allege that the provisions are unconscionable—he must show that they have caused or will cause him concrete harm.  Because he has not done so, plaintiff's second injury theory fails.

Plaintiff attempts to salvage his "loss in value" theory by arguing that it is supported by the Ninth Circuit's decision in Lozano v. AT&T Wireless Services, Inc., 504 F.3d 718 (9th Cir. 2007). Lozano held, *inter alia*, that the plaintiff, a cell phone customer, satisfied the injury requirement after he lost a certain number of "anytime" call minutes as a result of illegal billing practices by the defendant, a cell phone company.  Id. at 733.  Because the plaintiff did not receive the full number of minutes that he purchased, he did "not receive the full benefit of his contract."  Id.  Here, plaintiff seizes this language to argue that he has not received the "full value of his contract" because it contains unconscionable provisions.  But plaintiff misses the obvious point that he, unlike the plaintiff in Lozano, has not lost anything.  Plaintiff does not allege that defendants deprived him of use of any of the agreed upon features of his credit card.  Hence, Lozano does not support plaintiff's assertion that he did not receive the "full value of his contract."

Plaintiff's third injury theory—that defendants injured him by violating his statutory rights

United States District Court
For the Northern District of California

1   under the CLRA and the UCL—also fails to allege actual or imminent harm.  To be sure, "state law

2   can create interests that support standing in federal courts."  <u>Cantrell v. City of Long Beach</u>, 241

3   F.3d 674, 684 (9th Cir. 2001).  But that does not mean that the violation of a state law, standing

4   alone, supports standing.  The person invoking federal jurisdiction must allege some actual or

5   imminent injury as a result of the violation.  <u>See</u> <u>Lujan</u>, 504 U.S. at 560-61 ("the injury must affect

6   the plaintiff in a personal and individual way").  Because plaintiff has not alleged facts indicating

7   that he was personally harmed by defendants' alleged statutory violations, he has not suffered injury

8   in fact.[1]

9

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22

23

24  <u>CONCLUSION</u>

25       Plaintiff's claim does not present a "Case" or "Controversy" because the allegedly

26  unconscionable provisions in the Agreement have not been implicated in an actual dispute.  The

27  obvious architect of this ill-conceived suit is plaintiff's attorney, who, not incidentally, also

28  represented plaintiff in his materially identical claims against American Express and Chase

7

Manhattan Bank. Although plaintiff's attorney characterizes this suit as an attempt to advance

consumers' legal rights, it is apparent to the court that it is instead an attempt to manufacture a

lawsuit for financial gain. The timing says it all—plaintiff obtains the credit card in March 2007,

sends a letter complaining of the Agreement he just signed on March 23, 2007, and files this lawsuit

on September 5, 2007. Needless to say, this suit borders on frivolous and has no place in federal

court.

      For the foregoing reasons, defendants' motion to dismiss is GRANTED.


**IT IS SO ORDERED.**

Dated:  March 4, 2008

                               MARILYN HALL PATEL
                               United States District Court Judge
                               Northern District of California

**United States District Court**
For the Northern District of California

ENDNOTES

1. Plaintiff also filed a statement of recent decision in support of his opposition to defendants' motion to dismiss, citing Cartwright v. Viking Industries, Inc., No.07-02159, 2008 U.S. Dist. LEXIS 10240 (E.D. Cal. February 12, 2008). Cartwright, however, does not support any of plaintiffs' theories for injury in fact.