**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT
9                       FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   DAVID J. LEE,                                No. C07-04732 MJJ
12            Plaintiff,                          **ORDER GRANTING DEFENDANTS'**
                                                  **MOTION TO DISMISS**
13      v.
14   CHASE MANHATTAN BANK,
15            Defendant.
                                        /
16
17                              **INTRODUCTION**
18            Before the Court is Defendants' Motion to Dismiss. (Docket No. 9.)
19            For the following reasons, the Court **GRANTS** the Motion and **DISMISSES** this matter in
20   its entirety.[1]
21                          **FACTUAL BACKGROUND**
22            Plaintiffs David J. Lee and Daniel R. Lloyd are Chase credit card holders.  The Complaint, a
23   putative class action, alleges that the card-member agreements governing the Chase credit cards that
24   Plaintiffs obtained contain unconscionable provisions, including unconscionable arbitration
25   provisions, in violation of California's unfair competition laws and Consumers Legal Remedies Act
26   ("CLRA").  Plaintiffs also allege that Defendants engaged in fraud by misrepresenting the nature of
27   the challenged provisions, and thereby fraudulently induced plaintiffs to enter into the card
28

---

[1] Good cause being shown, the Court also **GRANTS** Defendants' Motion For Leave To File An Overlength Reply
Brief (Docket No. 17), **GRANTS** Plaintiffs' Request For Judicial Notice (Docket No. 35), and **GRANTS** Defendants'
Motion For Leave To File Statement Of Recent Decision (Docket No. 47).

1    agreements.

2          In their first through fourth, sixth, ninth and tenth causes of action, Plaintiffs contend that

3    Chase violates California's unfair competition laws by including unconscionable and illegal terms in

4    the card agreement, including but not limited to the arbitration clause.  (Complaint ¶¶ 55, 60, 63, 65,

5    73, 85 and 87.)  In their fifth and eighth causes of action, Plaintiffs contend that Chase violates the

6    CLRA by including unconscionable and illegal terms in the card agreement, including but not

7    limited to the arbitration clause.  (Complaint ¶¶ 71, 82.)  In their seventh cause of action, Plaintiffs

8    contend that Chase engaged in fraud by misrepresenting to Plaintiffs that the terms contained in the

9    card member agreement (excluding its arbitration provision) and the card member agreement itself

10   were conscionable, legal, and enforceable.  (Complaint ¶ 76.)  In their eleventh cause of action,

11   Plaintiffs seek declaratory judgment that the arbitration provision, specified terms of the card

12   agreement and or the card agreement itself are unconscionable, illegal and unenforceable.

13   (Complaint ¶ 91.)  Plaintiffs seek injunctive relief, restitution, punitive damages, declaratory

14   judgment, and attorneys' fees and costs.

15                                    **LEGAL STANDARD**

16         A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal

17   sufficiency of a claim.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Because the focus of a

18   Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the

19   Court ordinarily limits its review to the face of the complaint.  *See Van Buskirk v. Cable News*

20   *Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  In considering a Rule 12(b)(6) motion, the Court

21   accepts the plaintiff's material allegations in the complaint as true and construes them in the light

22   most favorable to the plaintiff.  *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

23   Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or

24   failed to allege sufficient facts under a cognizable legal theory.  *See SmileCare Dental Group v.*

25   *Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*,

26   901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th

27   Cir. 1984).  In pleading sufficient facts, however, a plaintiff must suggest his or her right to relief is

28   more than merely conceivable, but plausible on its face.  *See Bell Atlantic Corp. v. Twombly*, 127

**United States District Court**
For the Northern District of California

2

1   S.Ct. 1955, 1974 (2007).

2                                **ANALYSIS**

3        Though Defendants raise several grounds for dismissal of Plaintiffs' Complaint, their

4   threshold challenge that Plaintiffs lack Article III standing provides a sufficient basis to dismiss the

5   entire Complaint.  The Court therefore does not reach the other grounds for dismissal asserted by

6   Defendants.

7        "Injury in fact" is part of the irreducible minimum of the "case and controversy requirement

8   of Article III."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  An "injury in fact" must

9   be "concrete and particularized" as well as "actual or imminent."  *Id.*  A generalized, hypothetical or

10  conjectural injury is insufficient to establish Article III standing.  *See id.*  As the party invoking

11  federal jurisdiction, Plaintiffs bear the burden of demonstrating an injury in fact.  *See id.* at 561.

12       Plaintiffs are unable to point to any injury that they have suffered, or will imminently suffer,

13  that constitutes an "injury in fact" for Article III standing purposes here.  All of Plaintiffs' claims

14  rely on the assertion that Chase inserted clauses into the card agreement – whether the mandatory

15  arbitration clause or other terms in the agreement – that are unconscionable, and therefore

16  unenforceable and illegal.  But to establish injury in fact in this case, Plaintiffs must do more than

17  allege that the provisions are unconscionable – they must show that insertion of these provisions has

18  caused or will cause them concrete harm.  Plaintiffs are unable to do so.

19       Plaintiffs' primary argument in support of standing is their contention that Plaintiffs

20  allegedly "want" to enforce the arbitration provision against Chase to resolve a present dispute, but

21  supposedly cannot do so.  (Opp. at 2-3.)  In their original opposition, Plaintiffs identified this present

22  dispute as their fraud claim against Chase "arising from Defendants' inclusion of unconscionable,

23  illegal, and unenforceable terms in the cardmember agreement (excluding the arbitration

24  provision)."  (Opp. at 2:14-3:2.)  In two supplemental (and unauthorized) briefs, Plaintiffs expanded

25  the universe of disputes they allegedly want to arbitrate to include "the fraud claim and claim that

26  certain non-arbitration provision terms of the customer agreement are unconscionable and violate the

27  UCL and CLRA."  (Docket No. 32 at 3:1-3; *see also* Docket No. 34 at 3:3-7.)  At oral argument,

28  Plaintiffs shifted position yet again, contending that the dispute they want to arbitrate is instead a

**United States District Court**
For the Northern District of California

fraud claim based on the allegation that "they misrepresented that they were providing the card members such as Mr. Lee with a valid, viable arbitration agreement, that they could arbitrate their claims." (Docket No. 46 at 4:5-7; *see also id.* at 3:20-4:2.)[2]

None of these purported disputes suffice to demonstrate a real or imminent injury, because Plaintiffs have taken no steps to actually attempt to arbitrate the disputes. Plaintiffs nowhere allege that they have attempted to arbitrate a dispute with Chase and were thwarted. Instead, Plaintiffs' alleged injury is a hypothetical injury based on conjecture about what might happen if, at some point in the future, Plaintiffs attempted to arbitrate their disputes but were unable to do so. Since Plaintiffs profess to want to arbitrate their disputes with Chase, their purported injury rests on the assumption that, if Plaintiffs were to request arbitration, either defendants would insist on courtroom litigation or the arbitrator would *sua sponte* refuse to arbitrate even if both sides agreed to arbitrate the dispute in question. Plaintiffs theory of injury thus rests on a series of hypothetical assumptions about what may or may not transpire. As two sister courts have already determined in dismissing nearly identical lawsuits brought by the same Plaintiffs and counsel against different credit card companies, such a conjectural theory of injury makes it "impossible to conclude that plaintiffs have described an injury that is 'imminent' within the meaning of *Lujan*." *Lee v. American Express Travel Related Services*, 2007 WL 4287557 at *3 (N.D. Cal. Dec. 6, 2007) ("*American Express*") (Breyer, J.); *Lee v. Capital One Bank*, 2008 WL 648177 at *3 (N.D. Cal. March 5, 2008) (Patel, J.).

As support for their theory of injury, Plaintiffs cite *Lozano v. AT&T Wireless Services, Inc.*, 504 F.3d 718 (9th Cir. 2007). *Lozano*, however, does not support Plaintiffs. As Judge Breyer cogently explained in his *American Express* order dismissing a nearly identical suit, the *Lozano* decision in fact demonstrates that Plaintiffs lack standing because "a court may not presume damages based on the mere insertion of an unconscionable clause in a contract." *Lee*, 2007 WL 4287557 at *4 (quoting *Lozano*, 504 F.3d at 731.) This Court agrees with Judge Breyer's analysis of the *Lozano* decision, and finds that *Lozano* does nothing to aid Plaintiffs' contention that they have standing.

---

[2] This version of a fraud claim – one based on misrepresentations concerning the enforceability of the arbitration agreement itself – is not pleaded in the sole fraud count in Plaintiffs' Complaint. (Complaint ¶¶ 75-79.) However, Plaintiffs would lack standing to assert such a fraud claim to the same degree as their other alleged disputes with Chase.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    Plaintiffs argue that they need not actually seek to arbitrate any of their purported disputes

2    with Chase to obtain standing because the allegedly unconscionable arbitration clause is illegal and

3    unenforceable under California law.  Accordingly, Plaintiffs contend, even seeking to arbitrate their

4    disputes with Chase "would be against public policy and would otherwise be an illegal act", and

5    furthermore would be "futile [and] a waste of time and money."  (Complaint ¶ 43.)  The Court

6    disagrees.  Plaintiffs' argument conflates the act of requesting arbitration with the act seeking a

7    court's assistance to compel arbitration should Defendants resist.  Even assuming *arguendo* that

8    Plaintiffs are correct that a court would reject an effort by Plaintiffs to compel arbitration using the

9    agreement's arbitration clause,[3] nothing makes it illegal or against public policy for Plaintiffs to

10   make an initial request that Chase arbitrate the disputes that Plaintiffs have identified.  Should Chase

11   agree to arbitrate, Plaintiffs would not have suffered any injury-in-fact within the meaning of *Lujan*

12   because they would be able to arbitrate the disputes.  Plaintiffs hypothetically assume that Chase

13   would not agree to arbitrate the disputes, but this Court cannot embrace this assumption for standing

14   purposes.  In short, the Court finds that it is inaccurate for Plaintiffs to contend, as they do, that they

15   "cannot request arbitration of those normally arbitrable claims" (Docket No. 32 at 7:6-7), and further

16   finds that it is conjectural for Plaintiffs to conclude that they are "unable to arbitrate what would

17   otherwise be arbitrable claims."  (*Id.* at 3:2-3.)

18   Plaintiffs also contend that they cannot be required to attempt arbitration before acquiring

19   standing because *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006) and *Nagrampa v.*

20   *Mailcoups, Inc.*, 469 F.3d 1257, 1263 (9th Cir. 2006) (en banc) have purportedly established that at

21   least of some of the disputes between Plaintiffs and Chase fall outside the scope of any arbitrator's

22   jurisdiction, and must be resolved in federal court.  (Docket No. 32 at 7; Docket No. 34 at 10-13.)  In

23   particular, Plaintiffs contend that at least some of their disputes with Chase, including their first

24   through sixth causes of action contending that Chase's inclusion of an unconscionable arbitration

25   provision constitutes a violation of the CLRA and UCL, cannot be adjudicated in an arbitration as a

26

27        [3] This assumption seems unwarranted.  The reasons that Plaintiffs allege the arbitration clause is unenforceable –
for example, because it was contained in a contract of adhesion, and because it contains prohibitions upon class actions and
injunctive relief that are against public policy – would not necessarily render the basic agreement to arbitrate unenforceable

28   *by Plaintiffs* if they attempted to invoke it against Chase.  Nonetheless, for purposes of this Motion, the Court need not
resolve whether Plaintiffs could enforce the arbitration clause against Chase if Chase resisted arbitration.

United States District Court

For the Northern District of California

1  matter of law under *Buckeye* and *Nagrampa*. Plaintiffs thus argue that they "filed in a judicial rather

2  than arbitral forum because they were required to do so." (Docket No. 32 at 7:13-14.)[4]

3      Plaintiffs misread *Buckeye* and *Nagrampa*. Contrary to Plaintiffs' characterization, neither

4  *Buckeye* nor *Nagrampa* considered the scope of an arbitrator's jurisdiction to resolve a particular

5  issue if both parties submit that issue to the arbitrator. Instead, both decisions concerned which

6  neutral – judge or arbitrator – gets to decide the gateway question of whether a dispute will be

7  arbitrated, when parties bring that gateway dispute to a court under the provisions of the Federal

8  Arbitration Act, 9 U.S.C.. § 1 *et seq*.[5] Here, no such gateway dispute has arisen because Plaintiffs

9  have made no attempt to arbitrate, and thus there is as of yet no live controversy between the parties

10  as to whether their disputes should be arbitrated or resolved in court. The decisional rules

11  articulated in *Buckeye* and *Nagrampa* are simply not yet implicated by the current posture of

12  Plaintiffs' alleged disputes with Chase.

13      Were Plaintiffs to seek to arbitrate their alleged disputes with Chase, and were Chase to

14  agree to such arbitration, neither *Buckeye* nor *Nagrampa* would preclude the arbitrator from hearing

15  and resolving such claims, including any subsidiary issues regarding the enforceability of the

16  arbitration clause.[6] Plaintiffs' contention otherwise appears to be based on two statements in

17  *Nagrampa* that Plaintiffs have given too broad a reach by taking them out of context. In particular,

18  Plaintiffs point out (correctly) that some of their causes of action against Chase would depend on

19  proving that the arbitration clause is unenforceable. Accordingly, Plaintiffs argue that the "crux" of

---

20

21      [4] *See also* Docket No. 34 at 5:10-11 (Plaintiffs' supplemental brief contending that Buckeye and Nagrampa "mandate
    that Plaintiffs' claims be decided by a court rather than an arbitrator"); January 29, 2008 Hearing Transcript, Docket No. 46

22  at 7:3-7 (Plaintiffs' counsel: "My understanding of *Nagrampa* says, if the fight's over, the arbitration clause, whether or not
    it's conscionable or not conscionable, or enforceable or not enforceable, the District Court is the only - - only outlet for one
    to litigate that. Not the Arbitrator.").

23

24      [5] The Supreme Court has explained that this gateway question – often referred to as the "question of arbitrability"
    – is an issue of "limited scope" which a court will itself resolve in the "narrow circumstance where contracting parties would

25  likely have expected a court to have decided the gateway matter, where they are not likely to have thought that they had
    agreed that an arbitrator would do so, and, consequently, where reference of the gateway dispute to the court avoids the risk
    of forcing parties to arbitrate a matter that they may well not have agreed to arbitrate." *Howsam v. Dean Witter Reynolds,*

26  *Inc.*, 537 U.S. 79, 83-84 (2002).

27      [6] A party that voluntarily submits an issue, including the threshold question of arbitrability, to an arbitrator cannot
    later challenge the authority of that arbitrator to decide the issue. *See Poweragent Inc. v. Electronic Data Systems Corp.*,

28  358 F.3d 1187, 1191-93 (9th Cir. 2004).

6

United States District Court
For the Northern District of California

1   such causes of action is the invalidity of the arbitration provision itself.  Plaintiffs then quote the

2   following two passages from *Nagrampa*:

3           When the crux of the complaint is not the invalidity of the contract as
            a whole, but rather the arbitration provision itself, then the federal
4           courts must decide whether the arbitration provision is invalid and
            unenforceable under 9 U.S.C. § 2 of the FAA.
5   469 F.3d at 1264.

6           Nagrampa's fifth and sixth causes of action are directed specifically to
            the arbitration provision, placing these challenges squarely within the
7           category of claims that must be decided by a federal court.

8   *Id.* at 1277.

9           The Court disagrees that either statement, when read in context, bars an arbitrator from

10  adjudicating Plaintiffs' causes of action merely because they depend, in part, on proving the

11  arbitration clause is unenforceable.  Both statements were made in *Nagrampa* in the context of

12  defining when a federal court is obligated to itself resolve, under the Federal Arbitration Act, the

13  gateway question (where disputed) of whether an underlying dispute must be arbitrated.  Neither

14  statement in *Nagrampa* stands for the far broader proposition that Plaintiffs ascribe to them, namely,

15  that an arbitrator would be without jurisdiction, even with the parties' consent, to resolve a

16  substantive claim, merely because the "crux" of the claim concerns an injury allegedly caused by an

17  unenforceable arbitration provision.

18          In a final bid to rescue their lawsuit, Plaintiffs contend that the mere fact that they have

19  pleaded a violation of their rights under California Civil Code Sections 1670.5 and 1770a(19) to not

20  have unconscionable terms inserted in their credit card agreements confers Article III standing.  The

21  Court disagrees.  Plaintiffs' allegations fail to allege any actual or imminent harm resulting from

22  such statutory violations.  To be sure, "state law can create interests that support standing in federal

23  courts."  *Cantrell v. City of Long Beach*, 241 F.3d 674, 684 (9th Cir. 2001).  However, the mere

24  allegation of a violation of a California statutory right, without more, does not confer Article III

25  standing.  A plaintiff invoking federal jurisdiction must also allege some actual or imminent injury

26  resulting from the violation, which Plaintiffs here have failed to do.  *See Lujan*, 504 U.S. at 560-61

27  ("the injury must affect the plaintiff in a personal and individual way").  Because Plaintiffs have not

28  alleged facts demonstrating that they were personally harmed by any of defendants' alleged statutory

1   violations, they have not pleaded any "injury in fact."

2                                   **CONCLUSION**

3         For the foregoing reasons, the Court **GRANTS** the Motion and **DISMISSES** this matter in

4   its entirety for lack of Article III standing.  The Clerk is **DIRECTED** to close this matter.

5   **IT IS SO ORDERED.**

8   Dated: March 14, 2008                    _____

9                                            MARTIN J. JENKINS
                                             UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

8